Harold **HOLMES**, III, Howard Holmes, and Holmes Bros., Inc., Appellants–Petitioners Below,

v.

**BOARD OF ZONING APPEALS OF JASPER COUNTY, Indiana,** Appellee–Respondent Below.

No. 37A03–9211–CV–375.

Court of Appeals of Indiana, Third District.

May 16, 1994.

---

David C. Appel, Valparaiso, for appellant.

James R. Beaver, Halleck & Beaver P.C., Rensselaer, Lawrence A. Vanore, Donald C. Biggs, Sommer & Barnard, P.C., Indianapolis, for appellee.

STATON, Judge.

Howard Holmes, Harold Holmes, and Holmes Bros., Inc. (collectively "Holmes") appeal the trial court's judgment affirming a decision of the Board of Zoning Appeals of Jasper County ("BZA"). Holmes presents thirteen issues for our review, only one of which we must address: whether the trial court erred in determining that the BZA's authority to regulate Holmes' proposed storage tank is not preempted by state law. We also raise *sua sponte* the issue of whether the BZA erred by failing to make written findings.

We affirm in part and remand.

Harold Holmes and Howard Holmes own and operate Holmes Bros., Inc., a corporation engaged in the business of constructing, repairing and servicing private residential septic systems in Jasper County. For several years, Holmes Bros. disposed of residential septage generated from its operation by land application of that septage on Howard Holmes' farm. Holmes' land application activities were approved annually by the Indiana Department of Environmental Management ("IDEM"). In the spring of 1991, the Indiana State Board of Health notified Holmes that its land application activities would be restricted, limiting application to the time between May 1 and December 1 of each year. Because of these limitations, Holmes got permission from IDEM to build an 86,000 gallon concrete storage tank adjacent to the application site on Holmes' farm. The BZA informed Holmes that in order to use the storage tank, Holmes was required to apply for and obtain a special exception under the zoning code. Although Holmes disagreed that a special exception was necessary, Holmes filed an application.

The Jasper County Plan Commission held a public hearing on Holmes' special exception

application on April 22, 1991. After the hearing, the BZA concluded that Holmes was not entitled to a special exception and disallowed use of the tank. Holmes petitioned the Jasper County Circuit Court for writ of certiorari challenging the BZA's decision. The trial court affirmed the BZA, and this appeal ensued.

## I.

### *Preemption*

■■■ Holmes contends that state law preempts the BZA's authority to regulate the proposed storage tank.[1] In reviewing a BZA decision, we are bound by the same standard of review as the trial court. *Yater v. Hancock County Planning Commission* (1993), Ind.App., 614 N.E.2d 568, 571. Because this issue is a pure question of law, our standard does not require deference to the determinations of the BZA. *Town of Beverly Shores v. Bagnall* (1992), Ind., 590 N.E.2d 1059, 1061. We will reverse only if an error of law is demonstrated. *Id.* Absent illegality, this court may not substitute its judgment for that of the BZA. *Id.* Because the BZA determined that regulation of Holmes' tank was within the scope of its authority, we must determine whether the BZA's determination was illegal.

■ The trial court found that disposal of residential septic waste is subject to local comprehensive zoning requirements and not preempted by state law. The trial court based this finding on IND.CODE 8-1-2-89(b) (1993), which expressly subjects companies providing sewage disposal service to local zoning requirements. Holmes argues that the trial court's reliance on I.C. 8-1-2-89(b) is erroneous because it is not a company providing sewage disposal service as de-

fined in I.C. 8-1-2-89(a), and therefore is not subject to this section. I.C. 8-1-2-89(a)(1) defines sewage disposal service as follows:

(1) "Sewage disposal service" means any public utility service whereby liquid and solid waste, sewage, night soil, and industrial waste of any single territorial area is collected, treated, purified, and disposed of in a sanitary manner, and includes all sewage treatment plant or plants, main sewers, submain sewers, local and lateral sewers, intercepting sewers, outfall sewers, force mains, pumping stations, ejector stations, and all other equipment and appurtenances necessary or useful and convenient for the rendition of such service.

Holmes argues that this does not apply to its wastewater land application operation, including the proposed storage tank, because this operation is wholly private and cannot be considered a public utility. Thus this section does not give the BZA authority to regulate Holmes' land application operation.

We agree with Holmes that application of residential septage on land privately owned by Howard Holmes should not be characterized as a public utility.[2] We believe Holmes' activities instead fall under the purview of the Environmental Management Act, IND. CODE 13-7-1-1 *et seq.* (1993). However, this does not change the trial court's result.

■ This court addressed the issue of preemption of local authority by the Environmental Management Act in *Indiana Waste v. Board of Commissioners of Howard County* (1979), 180 Ind.App. 385, 389 N.E.2d 52, *tr. denied. Indiana Waste* involved local government regulation of sanitary landfills. In order to prevent local regulation, the appellant attempted to rely on the purpose of the Act to establish state law preemption. *Id.* at 393–394, 389 N.E.2d at 57. The purpose as set forth in the Act provides:

---

1. Holmes also argues that the BZA acted outside its authority by relying on general language in the Zoning Code of Jasper County for its conclusion that Holmes' storage tank needed a special exception. However, because the BZA did not prepare written findings indicating the provisions of the Zoning Code on which it relied, we cannot reach this issue. *McBride, infra; Bolde, infra.*

2. Holmes' land application of wastewater on Howard Holmes' farm is best characterized as

an agricultural use because it is intended to fertilize the land for farming. *Cooper v. Calandro* (1991), Ind.App., 581 N.E.2d 443, 446, *tr. denied.* This is true even though the wastewater is collected through Holmes' residential septic business. *Id.* Our decision that I.C. 8-1-2-82 is not applicable to this case is limited to Holmes' private land application activities, and should not be extended to Holmes' residential septic business, as the public or private nature of that business is not before us on this appeal.

The purpose of [article 7] is to provide for evolving policies for comprehensive environmental development and control on a statewide basis, to unify, coordinate, and implement programs to provide for the most beneficial use of the resources of the state, and to preserve, protect, and enhance the quality of the environment so that, to the extent possible, future generations will be ensured clean air, clean water, and a healthful environment.

IND.CODE 13–7–1–1(a) (1993). In interpreting this language, this court concluded that it did not contain even a "hint of preemption". *Indiana Waste, supra.* To support its conclusion, this court relied on additional provisions of the Act, including I.C. 13–7–15–2, which encourages local government units to develop facilities and establish standards for environmental management. *Id.* at 394, 389 N.E.2d at 57–58. Government units could not fulfill this provision if they were divested of power to deal with its subject matter. *Id.*

We conclude that this rationale applies equally to the case at bar.[3] The wastewater management section of the Environmental Management Act[4] does not preempt local regulation of wastewater disposal, including zoning authority, as long as local regulation is not inconsistent with the Act. The BZA's actions in this case are not inconsistent, and in fact further the purpose of the Act. The BZA is not disallowing construction of storage tanks to assist in land application of wastewater, thus impermissibly hindering this method of wastewater disposal. Instead, the BZA is requiring a special exception so that each proposal may be examined on a case-by-case basis. This helps to insure that each proposal will be beneficial to the environment and moves toward fulfilling the goal of environmental protection set forth in the Act's purpose. Such action is neither preempted by nor inconsistent with state law.

## II.

### *Failure to Make Written Findings*

This court raises *sua sponte* the issue of whether the BZA's failure to make written findings requires reversal. The BZA is required by statute to make written findings to support its determination. IND. CODE 36–7–4–915 (1993). This responsibility also exists independently of statute. *McBride v. Board of Zoning Appeals* (1991), Ind.App., 579 N.E.2d 1312, 1316. Written findings are necessary to insure adequate judicial review of administrative decisions. *Id.* Courts may not make written findings for the agency; we may only review the agency's findings to determine whether they are supported by the evidence. *Porter County Board of Zoning Appeals v. Bolde* (1988), Ind.App., 530 N.E.2d 1212, 1215.

The record in this case does not contain any written findings made by the BZA. However, when the trial court affirmed the BZA's determination, it entered extensive findings of fact and conclusions of law. In so doing, the trial court went beyond the proper scope of review, since judicial review is limited to examining whether the BZA's written findings are supported by the evidence. The proper procedure by the trial court is to remand to the BZA for specific findings of fact. *Id.* at 1216.

Because the BZA failed to make factual findings supporting its decision, our standard does not permit review of the remaining issues raised by Holmes. Instead we must remand this case to the trial court with instructions to remand to the BZA for specific factual findings.

Affirmed in part and remanded with instructions.

HOFFMAN and MILLER, JJ., concur.

---

**3.** Holmes argues that the *Indiana Waste* decision interpreting I.C. 13–7–1–1(a) should be limited to cases dealing with public sanitary landfills. We disagree. The legislative purpose of I.C. 13–7–1–1(a) applies with equal force to all sections of article 7, of which wastewater management is a part. As long as local regulations are consistent with the Act, and the corresponding regulations in the Indiana Administrative Code do not provide otherwise, local regulation is permissible to carry out this purpose.

**4.** IND.CODE 13–7–8.8–1 *et seq.* (1993).