**Paul HOPKINS, Appellant–Petitioner,**

v.

**TIPTON COUNTY HEALTH DEPARTMENT, Appellee–Respondent.**

No. 80A02–0106–CV–359.

Court of Appeals of Indiana.

June 4, 2002.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Attorney for Appellant.

## OPINION

MATTINGLY–MAY, Judge.

Paul Hopkins appeals the trial court's decision affirming the suspension by the Tipton County Board of Health ("County Board") of his license to install septic systems.[1] Hopkins raises two issues for our review, one of which we find dispositive: whether the county ordinance under which

his license was suspended is preempted by state regulation.[2]

We reverse.

## FACTS AND PROCEDURAL HISTORY

On May 21, 1984, the Board of Commissioners of Tipton County adopted Tipton County Ordinance 3–41–10 (the "county ordinance"), entitled "AN ORDINANCE REGULATING THE INSTALLATION, CONSTRUCTION, MAINTENANCE AND OPERATION OF PRIVATE SEWAGE DISPOSAL SYSTEMS AND PROVIDING PENALTIES FOR VIOLATIONS THEREOF." (App. at 191.) On November 3, 1986, the county ordinance was amended to add the requirement that persons installing private sewage disposal systems be licensed. The amendment provides in pertinent part:

> Any person engaged in the installation of private sewage disposal systems shall file with the Health Officer providing such information as he/she may require. The application shall be accompanied by a fee equal to the standard fee set by the [County Board]. The application for such license shall be made prior to March 1 of each year and shall be accompanied by a Certificate of Insurance, evidencing the existence of a general liability policy sufficient to indemnify persons for whom work is performed, if faulty. Said policy shall have such coverages and policy limits as may be set from time to time by the [County

---

1. We note that Hopkins names the Tipton County Health Department as the opposing party in this suit. The Tipton County Health Department is managed by the County Board. Since it was the County Board's decision to suspend Hopkins' license, the County Board is the real opposing party.

2. Hopkins also argues the county ordinance is invalid for failure to contain meaningful stan-

dards under which a license suspension may be imposed. We decline to reach this issue as we have determined the ordinance is invalid based on other grounds. *See City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001) (court has a duty not to enter upon the consideration of a constitutional question where its decision may properly rest on another ground).

Board]. The [County Board] shall be the beneficiary of such policy.

1. Issuance of License

Such license shall be valid for a period of one (1) year. The license shall bear the name and address of the licensee and the expiration date of the license. A license issued under the provisions of this Section shall be nontransferable.

2. Revocation of License

The [County Board] shall have the authority to revoke a license issued under the provisions of this Section for failure to observe the standards established by this Ordinance or upon conviction of a violation of this Ordinance.

This Section shall not apply to an individual who installs or repairs a system, with his/her own equipment, on real estate which is owned and occupied by him/her as his/her personal residence or on real estate which is intended to be used by him/her as his/her personal residence.

(App. at 206.)

On August 23, 2000, the County Board, after a hearing, suspended Hopkins' license to install septic tanks in Tipton County for a period of one year due to instances involving Hopkins' failure to obtain permits and inspections of his work and septic system installations that were improper or otherwise failed to comply with minimum specifications. Unhappy with the decision, Hopkins filed a petition with the County Board requesting the decision be set aside and also filed a petition for judicial review with the trial court. On November 2, 2000, the County Board held a supplemental evidentiary hearing and issued a decision upholding Hopkins' license suspension. On April 24, 2001, the trial court issued its order affirming the County Board's decision. This appeal ensued.

## DISCUSSION AND DECISION

■■■■ At the outset, we note that the County Board did not submit an appellee's brief. In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Fisher v. Bd. of Sch. Trustees*, 514 N.E.2d 626, 628 (Ind. Ct.App.1986). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App. 1985). Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind.Ct.App. 1986).

■■■■ In reviewing a decision of an administrative agency, we are bound by the same standard of review as the trial court. *Holmes v. Bd. of Zoning Appeals*, 634 N.E.2d 522, 524 (Ind.Ct.App.1994). Because this issue is a pure question of law, our standard of review is *de novo. Id.* We will reverse only if an error of law is demonstrated. *Id.* Absent illegality, this court may not substitute its judgment for that of the County Board. *Id.* Therefore, we must determine whether the County Board's suspension of Hopkins' license violates the law.

The Home Rule Act, Ind.Code § 36–1–3–1 *et seq.*, abrogated the traditional rule that local governments possess only those powers expressly authorized by statute and declared that a local government possesses "all other powers necessary or desirable in the conduct of its affairs." Ind. Code § 36–1–3–4(b)(2); *City of Gary v. Indiana Bell Tel. Co.*, 732 N.E.2d 149, 153

(Ind.2000). The Home Rule Act specifically provides, however, that a local governmental unit does not have the "power to regulate conduct that is regulated by a state agency, except as expressly granted by statute." Ind.Code § 36–1–3–8(7); *City of Gary,* 732 N.E.2d at 153, 158; *see also Town of Merrillville v. Merrillville Conservancy Dist.,* 649 N.E.2d 645, 653 (Ind.Ct.App.1995), *trans. denied* (prohibiting Town of Merrillville from regulating conduct that is regulated by the Indiana Department of Environmental Management).

The legislature has delegated to the State Board of Health ("State Board") the authority to adopt reasonable rules on behalf of the State Department of Health to protect or improve the public health in Indiana concerning the disposition of excremental and sewage matter. Ind.Code § 16–19–3–4. Properly adopted administrative rules and regulations have the force and effect of law. *Miller Brewing Co. v. Bartholemew County Beverage Co.,* 674 N.E.2d 193, 205 (Ind.Ct.App.1996), *trans. denied.* On December 21, 1990, the State Board's regulation, Ind. Admin. Code 410 IAC 6–8.1 (the "state regulation"), setting forth detailed requirements and standards pertaining to the design, construction, installation, maintenance, and operation of residential sewage disposal systems including permit and inspection requirements, went into effect. Section 30 of the state regulation provides in pertinent part:

> (a) This rule shall be administered by the local boards of health through their health officer and his authorized representatives.
>
> (b) Local boards of health which wish to adopt or amend a local ordinance governing the design, construction, and operation of residential sewage disposal systems shall do so only after the commissioner has confirmed in writing that the ordinance does not violate this rule or state sewage disposal statutes.

Section 36–1–3–8(7) of the Home Rule Act prevents the County Board from regulating conduct that is regulated by the State Department of Health (a state agency). The requirement that the state regulation be administered by the local boards of health indicates the State has chosen to regulate sewage disposal systems to the extent covered by the state regulation on a statewide basis. The State has chosen to regulate the requirements and standards pertaining to the design, construction, installation, maintenance, and operation of residential sewage disposal systems including permit and inspection requirements. Essentially, the State Board makes the rules and the local boards of health enforce the rules. Although the regulation provides local boards with the authority to adopt ordinances governing the design, construction, and operation of residential sewage disposal systems, that authority is expressly conditioned on the ordinances being confirmed by the State Board. There was no evidence presented that the county ordinance was ever submitted to or approved by the State Board. Therefore, to the extent the county ordinance attempts to regulate conduct the State Board has chosen to regulate, the county ordinance is preempted and cannot be enforced.

Nevertheless, we must now determine whether the entire county ordinance is invalid or whether the licensing provision remains valid, as the state regulation does not address the licensing of septic system installers. Rules relating to statutory construction are to be applied in construing ordinances. *Hobble ex rel. Hobble v. Basham,* 575 N.E.2d 693, 699 (Ind.Ct.App.1991). If one section of an ordinance or legislative act can be separated from the other sections and upheld as

valid, it is the duty of the court to do so. *Id.* The invalid portion may be rejected and the remainder permitted to stand as valid where the remainder is in itself complete, sensible, and capable of execution. *Id.*

The state regulation establishes the standards for the design, construction, installation, maintenance, and operation of residential sewage disposal systems including permit and inspection requirements, but does not regulate the licensing of septic system installers. However, the licensing provision cannot be separated from the preempted septic system requirements and standards contained in the county ordinance. The county ordinance provides the County Board with the authority to revoke a license only "for failure to observe the standards established by *this Ordinance* or upon conviction of a violation of *this Ordinance.*" (App. at 206) (emphasis added). Since the septic system requirements and standards established in the county ordinance have been preempted by the state regulation, licenses cannot be suspended based on a violation of those provisions. Nor does the county ordinance provide the County Board with the authority to suspend a license for a violation of the state regulation because the county ordinance provides the County Board only with the authority to suspend a license based on the standards contained in the county ordinance.[3]

Since the licensing provision is dependent upon the other invalid provisions of the county ordinance, we find that the licensing provision is also invalid. It is not in itself complete, sensible, and capable of execution. *See Hobble,* 575 N.E.2d at 699.

Moreover, because the county ordinance's licensing provision is invalid, Hopkins could not have been legitimately licensed under that ordinance in the first place. *See, e.g., Gibson v. Hand,* 756 N.E.2d 544, 546–47 (Ind.Ct.App.2001) (determining that the Indiana Code sections governing the issuance of a restricted commercial driver's license had been preempted by federal law, and, therefore, the appellee could not lawfully be issued such a license under Indiana law). Accordingly, we hold that the county ordinance is void and reverse the trial court's decision upholding the suspension of Hopkins' license.

Reversed.

NAJAM, J., and BAKER, J., concur.

---

**3.** We note that the State does not regulate the licensing of septic system installers. Therefore, nothing in this opinion would prevent the adoption and enforcement of a local ordinance regulating the licensing of septic system installers where the revocation of a license is based upon violations of the state regulation or violations of a local ordinance that has been confirmed by the State Board.