### INDIANA BUREAU OF MOTOR VEHICLES, Appellant– Defendant,

v.

### Seth McNEIL, Appellee–Plaintiff.

### No. 02A03–1001–MI–90.

Court of Appeals of Indiana.

Aug. 5, 2010.

Rehearing Denied Oct. 21, 2010.

---

Gregory F. Zoeller, Attorney General of Indiana, Kathy Bradley, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

David L. Joley, Fort Wayne, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

The Indiana Bureau of Motor Vehicles ("the BMV") appeals the trial court's order reinstating the driving privileges of Seth McNeil ("McNeil"), which had been suspended for ten years after McNeil was determined to be a habitual traffic violator ("HTV"). The BMV raises the following issue: whether the trial court erred when it interpreted Indiana Code section 34–11–2–4(3) to impose a statute of limitations on the BMV's ability to impose an administrative suspension.

We reverse.

### FACTS AND PROCEDURAL HISTORY

McNeil was convicted on June 14, 2006 of operating while intoxicated in Allen County. Prior to that conviction, he had been convicted for two prior driving-related offenses, which included a conviction for operating while intoxicated on June 30, 1999 and a conviction for reckless driving on February 12, 2003. On June 15, 2006, the Clerk of the Allen Superior Court Misdemeanor and Traffic Division sent the

BMV a SR–16 form[1] regarding McNeil's June 14, 2006 conviction. Two years later, on June 17, 2008, the BMV determined that McNeil was an HTV and sent him notification of this determination and that his driver's license would be suspended for ten years, with the suspension to take effect on July 22, 2008.

On November 13, 2009, McNeil filed a petition for judicial review of his HTV status. In the petition, he argued that the two-year statute of limitations under Indiana Code section 34–11–2–4(3) should apply to the forfeiture of his driving privileges, and because the BMV did not impose his ten-year suspension until over two years after his conviction, he should not have been adjudicated an HTV and his driving privileges should be reinstated. *Appellant's App.* at 4–7. On December 14, 2009, the trial court issued an order, finding that the two-year statute of limitations under Indiana Code section 34–11–2–4(3) should apply, and, therefore, the passage of more than two years from the accrual of the cause of action to the notice of suspension barred the BMV from suspending McNeil's driver's license. The trial court ordered the BMV to reinstate his driving privileges. The BMV now appeals.

## DISCUSSION AND DECISION

 In reviewing a decision of an administrative agency, we are bound by the same standard of review as the trial court. *Hopkins v. Tipton County Health Dep't,* 769 N.E.2d 604, 607 (Ind.Ct.App.2002) (citing *Holmes v. Bd. of Zoning Appeals,* 634 N.E.2d 522, 524 (Ind.Ct.App.1994)). Judicial review of an administrative decision is limited to whether the agency possessed jurisdiction over the subject matter, whether the decision was made pursuant to the proper procedures, whether the decision was arbitrary and capricious, whether the decision was in violation of any constitutional, statutory, or legal principles, and whether the decision was supported by substantial evidence. *Ripley County Bd. of Zoning Appeals v. Rumpke of Ind., Inc.,* 663 N.E.2d 198, 203 (Ind.Ct. App.1996). Normally, we give deference to an administrative agency's findings and conclusions because an agency is an expert in that area; however, where, as here, we are reviewing a determination by the trial court that the agency failed to follow the correct procedures in reaching its decision, such deference is inappropriate. *Id.* Instead, we are required to give deference to the trial court, as the trial court heard evidence and testimony regarding the agency procedures. *Id.*

 Here, the trial court entered findings of fact and conclusions thereon sua sponte. Sua sponte findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. *Lake County Trust Co. v. Advisory Plan Comm'n of Lake County, Ind.,* 883 N.E.2d 124, 130 (Ind.Ct.App.2008) (citing *Yanoff v. Muncy,* 688 N.E.2d 1259, 1262 (Ind.1997)). We will affirm a general judgment entered with findings if it can be sustained on any legal theory supported by the evidence. *Id.* When a court has made special findings of fact, we review sufficiency of the evidence using a two-step process. *Id.* First, we must determine whether the evidence supports the trial court's findings of fact. *Id.* Second, we must determine whether those findings of fact support the trial court's conclusions of law. *Id.* We do not

1. An SR–16 form is a "form used by courts to notify the BMV that a driver has been convicted of, failed to appear for, or failed to pay a citation for violating a motor vehicle law."

*https://myweb.in.gov/BMV/mybmvportal/ SuspensionReinstatementAndInsuranceForms. aspx* (last visited Jul. 8, 2010).

reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. *Id.*

▉▉▉ Findings will only be set aside if they are clearly erroneous. *Id.* Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.*

Because the record does not indicate that either party requested these findings, we view the case as one decided on a general judgment with the support of partial findings, and we will affirm on any theory unless such theory is contrary to the findings of fact. *Ripley County,* 663 N.E.2d at 204. We do not reweigh the evidence or reassess witness credibility. *Id.* We will set aside specific findings only if they are clearly erroneous, meaning the record lacks any facts or reasonable inferences supporting them. *Id.*

▉▉▉ The BMV argues that the trial court erred when it ordered that McNeil's driving privileges be reinstated. The BMV contends that the trial court misinterpreted the law when it determined that Indiana Code section 34–11–2–4(3) imposed a two-year statute of limitations on the BMV's ability to impose HTV suspensions. The BMV claims that statutes of limitation apply only to bar causes of action from being filed beyond the applicable period of limitations, but do not apply to administrative determinations. Therefore, as a license suspension based on an HTV determination is an administrative determination, no statute of limitations applies.

Here, on June 14, 2006, McNeil was convicted of operating while intoxicated, which made him an HTV under Indiana Code section 9–30–10–4, because it was his third qualifying conviction within a ten-year period. He had previously been convicted of operating while intoxicated on June 30, 1999 and reckless driving on February 12, 2003. As a result of meeting the requirements of section 9–30–10–4, McNeil's driving privileges were to be suspended for ten years under Indiana Code section 9–30–10–5. The BMV was sent an SR–16 form on June 15, 2006, notifying it that McNeil qualified as an HTV, but did not determine McNeil to be an HTV until June 17, 2008, when it sent him notification that his driving privileges would be suspended for ten years beginning on July 22, 2008. Because more than two years had elapsed from the date of McNeil's conviction and the BMV's determination of his status as an HTV, the trial court, applying the statute of limitations under Indiana Code section 34–11–2–4, found that the BMV's determination occurred after the limitations period had run.

▉▉▉ It is the substance of the claim, rather than its form, which determines the applicable statute of limitations. *Cooper Indus., LLC v. City of South Bend,* 899 N.E.2d 1274, 1284 (Ind.2009). "The revocation of a respondent's driver's license pursuant to the Habitual Traffic Offenders Act is neither a criminal proceeding which imposes fine or punishment, nor is it a civil proceeding where the party aggrieved by the respondent's actions (the public) can recover legal damages, but rather it is a civil proceeding which is quasi-administrative in nature." *Owens v. State ex rel. VanNatta,* 178 Ind.App. 406, 409, 382 N.E.2d 1312, 1314 (1978). Indiana Code section 34–11–2–4 states, "An action for: (1) injury to person or character; (2) injury to personal property;

or (3) a forfeiture of penalty given by statute must be commenced within two (2) years after the cause of action accrues." The BMV's claim against McNeil was not for injury to person or character or injury to personal property; rather, McNeil contends that it was for a forfeiture of penalty given by statute.

McNeil claims that Indiana Code section 34–11–2–4(3) applies because the notice provision for the suspension of driving privileges after being determined to be an HTV is contained in Article 30 of the Indiana Code, entitled "General Penalty Provisions." Initially, we note that:

> The headings of titles, articles, and chapters as they appear in the Indiana Code, as originally enacted or added by amendment, are not part of the law and may be altered by the lawful compilers, in any official publication, to more clearly indicate content. These descriptive headings are intended for organizational purposes only and are not intended to affect the meaning, application or construction of the statute they precede.

Ind.Code § 1–1–1–5(f). Therefore, the title of the article does not automatically govern the content and application of the law contained thereunder.

 Further, "[t]he ten year suspension for a violation of the Habitual Traffic Offenders Act is a protective device, not a punitive one." *Owens*, 178 Ind.

App. at 413, 382 N.E.2d at 1317. The primary purpose of suspending a person's license for being an HTV is "to remove from the highway those drivers who have proven themselves to be unfit to drive, and who pose a substantial threat to the safety of others" and "not to impose punishment." *Owens*, 178 Ind.App. at 413, 382 N.E.2d at 1316. Therefore, although the heading of the article is entitled "General Penalty Provisions," we conclude that the determination of HTV status and the suspension of one's driving privileges by the BMV is not an action for "a forfeiture of penalty given by statute," and the two-year statute of limitations under Indiana Code section 34–11–2–4 does not apply. While McNeil raises several policy issues in support of a statute of limitations for determinations made by the BMV, we note that this is for the General Assembly to decide and they have not deemed to do so thus far. We therefore reverse the trial court's order reinstating McNeil's driving privileges.[2]

Reversed.

FRIEDLANDER, J., and ROBB, J., concur.

---

2. McNeil contends that if the statute of limitations is found not to be applicable, this court should remand the case to allow the trial court to determine whether the BMV should be barred from suspending his driving privileges based upon the equitable doctrine of laches. This court has previously concluded that, where the government acts to protect the public welfare, the doctrine of laches should not be permitted to frustrate the enforcement of a valid regulation except in the clearest and most compelling circumstances. *Ind. Real Estate Comm'n v. Ackman*, 766 N.E.2d 1269, 1273 (Ind.Ct.App.2002). Here, the BMV was

clearly acting to protect the public welfare as we above stated that the purpose of suspending one's license for being an HTV is to protect the public from those who pose a substantial threat to the safety of others. *Owens v. State ex rel. VanNatta*, 178 Ind.App. 406, 413, 382 N.E.2d 1312, 1316 (1978). Only under certain conditions, where extreme unfairness is shown may a court apply equitable principles against the government. *Ackman*, 766 N.E.2d at 1273. Extreme unfairness occurs where the public interest would be threatened by the government's conduct. *Id.*

McNeil has not shown how the public interest would be threatened by the BMV's conduct, and therefore, the doctrine of laches is not applicable in the present case.