# FOR PUBLICATION



FILED
Nov 28 2012, 10:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ADAM J. SEDIA**
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD THOMAS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1204-PL-191 |
| | ) | |
| INDIANA BUREAU OF MOTOR VEHICLES, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mary R. Harper, Judge
Cause No. 64D05-1201-PL-812

**November 28, 2012**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Approximately three and one-half years after receiving his third qualifying driving conviction within a ten-year period, Richard Thomas received notice from the Indiana Bureau of Motor Vehicles that, pursuant to Indiana Code section 9-30-10-4(b), he qualified as a habitual traffic violator, and, as a result, that his driving privileges would be suspended for a period of ten years. Thomas requested relief on administrative review. This request was denied. Thomas subsequently filed a petition for judicial review of the Bureau's determination claiming that the Bureau did not notify him of its determination regarding his status as a habitual traffic violator in a timely fashion. The trial court found against Thomas, concluding that the relevant statutory provisions did not set forth an applicable statute of limitation for imposing habitual traffic violator status, and that it did not have the power to impose any such statute of limitation.

On appeal, Thomas contends that the trial court erred by concluding that the Bureau's notice regarding his status as a habitual traffic violator was timely. Thomas alternatively claims that even if the notice was timely, the suspension of his driving privileges should be barred by the doctrine of laches. Concluding that the Bureau timely notified Thomas that he qualified as a habitual traffic violator and that the doctrine of laches is inapplicable to the instant matter, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 6, 2001, Thomas was convicted of operating a motor vehicle while intoxicated. On January 3, 2008, Thomas was convicted of reckless driving. On May 13, 2008, Thomas was convicted of operating while intoxicated endangering a person. The May

2

13, 2008 conviction qualified Thomas as a habitual traffic violator ("HTV") under Indiana Code section 9-30-10-4(b). On December 23, 2011, the Indiana Bureau of Motor Vehicles ("BMV") notified Thomas that he qualified as an HTV, and, as a result, that his driving privileges would be suspended for ten years, effective January 12, 2012, through January 24, 2022.

Thomas requested an administrative review of the determination that he qualified as an HTV. The BMV conducted an administrative review, after which it affirmed Thomas's HTV qualification as well as the suspension of his driving privileges. Thomas thereafter filed a petition for judicial review of the BMV's decision. The trial court conducted a hearing on April 9, 2012, after which it denied Thomas's petition for judicial review. This appeal follows.

## DISCUSSION AND DECISION

> In reviewing a decision of an administrative agency, we are bound by the same standard of review as the trial court. *Hopkins v. Tipton County Health Dep't*, 769 N.E.2d 604, 607 (Ind. Ct. App. 2002) (citing *Holmes v. Bd. of Zoning Appeals*, 634 N.E.2d 522, 524 (Ind. Ct. App. 1994)). Judicial review of an administrative decision is limited to whether the agency possessed jurisdiction over the subject matter, whether the decision was made pursuant to the proper procedures, whether the decision was arbitrary and capricious, whether the decision was in violation of any constitutional, statutory, or legal principles, and whether the decision was supported by substantial evidence. *Ripley County Bd. of Zoning Appeals v. Rumpke of Ind., Inc.*, 663 N.E.2d 198, 203 (Ind. Ct. App. 1996).

*Ind. Bureau of Motor Vehicles v. McNeil*, 931 N.E.2d 897, 900 (Ind. Ct. App. 2010), *trans. denied*. Because the issue presented in the instant matter is a question of law, our standard of

review is de novo. *Hopkins*, 769 N.E.2d at 607 (citing *Holmes*, 634 N.E.2d at 524). We will reverse only if an error of law is demonstrated. *Id.* (citing *Holmes*, 634 N.E.2d at 524).

## A. Statute of Limitations

Thomas contends that the BMV's notice regarding his driving status and the resulting suspension of his driving privileges was untimely. Thomas argues that a statutory limitation period should apply to determinations by the BMV regarding HTV status. Thomas, however, does not clearly state what statutory limitation period should apply to determinations regarding HTV status. Thomas acknowledges that this court has previously held that the two-year limitation period set forth by Indiana Code section 34-11-2-4 does not apply to BMV determinations regarding HTV status, *McNeil*, 931 N.E.2d at 902, but argues that the general ten-year limitation period set for by Indiana Code section 34-11-1-2 should not apply. Specifically, Thomas claims that the general ten-year limitation period should not apply because a ten-year delay in notifying one of his status as an HTV and the resulting suspension of his driving privileges transforms the suspension from a regulatory to a punitive measure.

In *McNeil*, appellant was notified approximately two years after receiving his third qualifying driving conviction that the BMV had determined that he qualified as an HTV, and, as a result, his driving privileges would be suspended for ten years. *Id.* at 900. Appellant sought judicial review of the BMV's determination, claiming that the two-year statute of limitation that applied to actions for forfeitures should apply to determinations regarding one's status as an HTV and that the BMV had failed to provide him with timely notice of its

determination regarding his HTV status. *Id.* Upon review, we concluded that "the determination of HTV status and the suspension of one's driving privileges by the BMV is not an action for 'a forfeiture of penalty given by statute,' and the two-year statute of limitations under Indiana Code section 34-11-2-4 does not apply." *Id.* at 902. We further concluded that while the appellant raised several policy issues in support of the application of a statute of limitation for determinations made by the BMV, it is for the General Assembly to determine what, if any, statute of limitations applies and "they [had] not deemed to do so thus far." *Id.*

It does not appear that the General Assembly has amended Indiana Code section 9-30-10 to include a statute of limitation since our 2010 decision in *McNeil.* However, the Indiana Supreme Court has recently held that the General Assembly enacted the general ten-year statute of limitation prescribed in Indiana Code section 34-11-1-2 "for the very purpose of supplying a statute of limitation when one has not otherwise been provided by a more specific statutory scheme." *Ind. Spine Group, PC v. Pilot Travel Ctrs., LLC*, 959 N.E.2d 789, 794 (Ind. 2011) (internal quotation omitted). Accordingly, in light of the Supreme Court's holding in *Indiana Spine Group*, we must assume that, until the General Assembly provides otherwise, the general ten-year statute of limitation prescribed in Indiana Code section 34-11-1-2 applies to claims relating to determinations by the BMV regarding HTV status and the suspension of one's driving privileges.

Thomas additionally argues that even if the general ten-year statute of limitation prescribed in Indiana Code section 34-11-1-2 does apply, the ten-year period should have

begun to run from the date of his first qualifying conviction. We disagree. "When a cause of action accrues is generally a question of law for the courts to determine." *Strauser v. Westfield Ins. Co.*, 827 N.E.2d 1181, 1185 (Ind. Ct. App. 2005). "Under Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury." *Pflanz v. Foster*, 888 N.E.2d 756, 759 (Ind. 2008). Thus, a statute of limitation cannot begin to run until the elements of a cause of action can be shown. *See generally id*. at 758 (providing that a claimant cannot recover before suffering actual damage).

Indiana Code section 9-30-10-4(b) provides, in relevant part, that "[a] person who has accumulated at least three (3) judgments within a ten (10) year period for any of the [qualifying] violations,[1] singularly or in combination, and not arising out of the same incident, is a habitual violator." The clear language of Indiana Code section 9-30-10-4(b) states that one does not qualify as an HTV until the individual receives his third qualifying conviction. It would be illogical to begin to run the applicable statute of limitation before one qualifies as an HTV because no loss has occurred. Thomas did not suffer damage, *i.e.*, qualify as an HTV, until he received his third qualifying conviction in a ten-year period. As such, we must conclude that the general ten-year statute of limitation prescribed in Indiana

---

[1] The qualifying judgments include: (1) operation of a vehicle while intoxicated; (2) operation of a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per one 100 milliliters of the blood or 210 liters of the breath; (3) operating a motor vehicle while the person's license is suspended or revoked; (4) operating a motor vehicle without ever having obtained a license to do so; (5) reckless driving; (6) criminal recklessness involving the operation of a motor vehicle; (7) drag racing or engaging in a speed contest in violation of law; and (8) any felony under an Indiana motor vehicle statute or any felony in the commission of which a motor vehicle is used.

Code section 34-11-1-2 did not begin to run until Thomas qualified as an HTV, *i.e.*, the date he "suffered harm" by qualifying as an HTV.

In addition, we are unconvinced by Thomas's claim that allowing the general ten-year statute of limitation prescribed in Indiana Code section 34-11-1-2 to begin to run on the date the individual qualifies as an HTV under 9-30-10-4(b) transforms the penalties one might incur as a result of their status as an HTV from a regulatory to a punitive measure. As we stated in *McNeil*, it is for the General Assembly, not the judiciary, to decide if a shorter limitations period is appropriate in circumstances like those presented in the instant matter. *See McNeil*, 931 N.E.2d at 902. The General Assembly has not done so.

### B. Doctrine of Laches

Thomas alternatively contends that even if the BMV did provide him with timely notice of his status as an HTV, the ten-year suspension of his driving privileges should be barred by the doctrine of laches. "'The question of laches is one to be determined by the court in the exercise of its sound discretion.'" *Ind. Real Estate Comm'n v. Ackman*, 766 N.E.2d 1269, 1273 (Ind. Ct. App. 2002) (quoting *Simon v. City of Auburn, Ind., Bd. of Zoning Appeals*, 519 N.E.2d 205, 215 (Ind. Ct. App. 1988)). "'For a decision to be reversed on appeal, an abuse of discretion must be clearly demonstrated.'" *Id.* (quoting *Simon*, 519 N.E.2d at 215). "An abuse of discretion occurs only when the trial court's conclusion and judgment is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (citing *Taylor v. Metro. Dev. Comm'n*, 436 N.E.2d 1157 (Ind. Ct. App. 1982)).

Laches is an equitable defense that may be raised to stop a person from asserting a claim that he would normally be entitled to assert. *Storm, Inc. v. Indiana Dep't of State Revenue*, 663 N.E.2d 552 (Ind. Tax Ct. 1996). The rationale behind the doctrine of laches is that a person who, for an unreasonable length of time, has neglected to assert a claim against another waives the right to assert his claim when this delay prejudices the person against whom he would assert it. *Id.* We acknowledge that equitable defenses, such as laches, typically may not be asserted against the government when it acts in its sovereign capacity to protect the public welfare. *See U.S. v. Wedzeb*, 809 F.Supp. 646 (S.D. Ind. 1992), *Harbour Town Associates, Ltd. v. City of Noblesville*, 540 N.E.2d 1283 (Ind. Ct. App. 1989) (holding that the doctrine of laches is never applicable to a municipality in enforcing its ordinances because of public policy interests).

*Ackman*, 766 N.E.2d at 1273. However, while we have concluded that the doctrine should not be permitted to frustrate the enforcement of a valid regulation where government acts to protect the public welfare except for in the clearest and most compelling circumstances, we recognize that "[u]nder certain conditions, where extreme unfairness is shown, a court may apply equitable principles against the government." *Id.* (citing *U.S. v. Lindberg Corp.*, 882 F.2d 1158 (7th Cir. 1989)). "Extreme unfairness occurs where the public interest would be threatened by the government's conduct." *Id.* (citing *Hannon v. Metro. Dev. Comm'n of Marion Cnty.*, 685 N.E.2d 1075 (Ind. Ct. App. 1997)).

In arguing that the doctrine of laches should apply to the instant matter, Thomas claims that a ten-year suspension of his driving privileges would result in extreme unfairness because in the years since his last qualifying conviction, he has "altered his behavior to effectively render himself a safe driver." Appellant's Br. p. 16. However, we are unconvinced by Thomas's self-serving statement regarding his belief that he has altered his behavior in a manner such to render him a "safe driver," and conclude that it falls far short of

8

demonstrating that the public interest would be threatened by the BMV's conduct in the instant matter. *See Ackman*, 766 N.E.2d at 1273 (again providing that extreme unfairness occurs where the public interest would be threatened by the government's conduct). Thomas's qualifying convictions include convictions for operating a vehicle while intoxicated, reckless driving, and operating a vehicle while intoxicated endangering a person. Despite Thomas's claim to the contrary, we believe that the public interest would likely be served, not threatened, by the ten-year suspension of Thomas's driving privileges. Because the extremely limited circumstances which would allow for its application are not present in this case, we conclude that the doctrine of laches is inapplicable to the instant matter.

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.