

**FILED**

May 27 2020, 9:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristen D. Hill
Law Offices of Kristen D. Hill
Munster, Indiana

ATTORNEY FOR APPELLEE

Geoffrey G. Giorgi
Giorgi and Bebekoski, LLC
Crown Point, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| City of Hammond,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>John Rostankovski,<br>*Appellee-Defendant.* | May 27, 2020<br><br>Court of Appeals Case No.<br>19A-OV-2609<br><br>Appeal from the<br>Lake Superior Court<br><br>The Honorable<br>Michael N. Pagano, Special Judge<br><br>Trial Court Cause No.<br>45D09-1805-OV-1637 |

**Kirsch, Judge.**

[1] The City of Hammond ("the City") appeals an order from the Lake Superior Court ("trial court"), which affirmed a ruling by the Hammond City Court ("the City Court") dismissing a civil zoning ordinance violation complaint filed by the City against John Rostankovski ("Rostankovski"). The City raises two issues, which we consolidate and restate as: whether the trial court erred in affirming the City Court because the City Court's dismissal was based on an

affirmative defense not raised or pleaded by Rostankovski. In his response brief, Rostankovski raises the following cross-appeal: whether this appeal should be dismissed because the Indiana Court of Appeals does not have jurisdiction to review the trial court's order because the order was an appellate decision pursuant to Indiana Code section 33-35-5-10.

[2] We reverse and remand.

## Facts and Procedural History

[3] Rostankovski was the owner of residential rental property located at 436 Spruce Street in Hammond, Indiana. *Appellant's App. Vol. 2* at 42-43. In October 2017, the City filed a complaint in the City Court alleging that a violation of the City's zoning ordinance existed at the property. *Id*. at 37. In the complaint, the City alleged that the deck of the house violated the side yard restrictions under Section 3.31(B) of the City's Zoning Code, Ordinance 8514, which provides in relevant part that neither side yard on the property shall have a width of less than three feet. *Id*. at 37, 43-44. It is undisputed that the deck at Rostankovski's property falls within the three-foot setback requirement. *Id*. at 24.

[4] Rostankovski filed a motion to dismiss the City's complaint, and the City filed a response. *Id*. at 38-41, 42-46. On April 11, 2018, the City Court heard argument on the motion to dismiss, and on April 20, 2018, the City Court granted Rostankovski's motion to dismiss. *Id*. at 12, 19-36. Although the City Court found that the deck violated the side yard setback requirement, it also

found that the City was barred from enforcing the setback requirement against Rostankovski due to laches. *Id*. at 12.

[5] On April 30, 2018, the City filed a motion to correct error with the City Court and argued that the City Court erred in dismissing the complaint because no facts were presented to the City Court that would support a finding of laches and that laches is not a defense to a municipality's action to enforce its zoning ordinances. *Id*. at 13-16. The City Court denied the motion to correct error on May 29, 2018. *Id*. at 17. The City then filed with the trial court its "Petition for Appellate Review of Judgment in the Hammond City Court Pursuant to I.C. 33-35-5-10," ("the Petition") seeking appellate review of the City Court's order of dismissal. *Id*. at 7-11. In the Petition, as required under Indiana Code section 33-35-5-10, the City established that its population fit within the parameters of the statute, that it had timely filed a bond with the City Court, that it had filed a motion to correct error in the City Court and that it had tendered a transcript of proceedings and the relevant pleadings from the City Court. *Id*. at 8-11. On May 31, 2018, the trial court dismissed the City's appeal, finding that the City had no right to an appeal from the City Court, and therefore, the trial court lacked subject matter jurisdiction. *Id*. at 47.

[6] The City filed a motion to correct error in the trial court, which was denied. *Id*. at 48-51. The City appealed the trial court's order to this court, and on appeal, this court found that the City does have a right to appeal under Indiana Code section 33-35-5-10, and the trial court erred in dismissing the City's petition for lack of subject matter jurisdiction. *City of Hammond v. Rostankovski*, 119 N.E.3d

113, 116 (Ind. Ct. App. 2019). The case was remanded to the trial court for further proceedings. *Id*.

[7] On remand, Rostankovski filed a "Motion to Dismiss and/or Strike" the content of the City's petition for relief which urged the trial court to rely only on the transcript and the City's motion to correct error that had been filed in the City Court. *Id*. at 68-71. After a hearing was held, the trial court issued an order in which it affirmed the City Court's ruling and determined that the City had failed to "raise one key issue [to the City Court], which would have been dispositive: that the doctrine of laches does not apply to municipalities." *Id*. at 6. The trial court further determined that, because this issue was not raised to the City Court, it could not be raised on appeal to the trial court and that "the issue ha[d] been waived below" and could not be reviewed. *Id*. The order also stated, "Seeing no just reason for delay, this shall be a final appealable order." *Id.* The City now appeals.

## Discussion and Decision

## I.    Lack of Jurisdiction

[8] In his Appellee's Brief, Rostankovski contends that the City's appeal should be dismissed due to this court's lack of subject matter jurisdiction over the trial court's order. He argues that this court does not have jurisdiction to decide the City's appeal because the appellate procedure for a determination made by the City Court is contained in Indiana Code section 33-35-5-10, and the statute does not include the Indiana Court of Appeals as the court of review of City

Court proceedings. Rostankovski asserts that because the City has already exhausted its appeal to the trial court as provided in Indiana Code section 33-35-5-10 and because the statute does not include any provision for appealing the trial court's ruling after its review of the City Court's determination, an appeal to the Indiana Court of Appeals is not the proper appellate procedure, and therefore, we do not have subject matter jurisdiction to review the City's appeal. The City counters that, although Rostankovski is correct that Indiana Code section 33-35-5-10 does not specifically set forth a right to appeal the trial court's order after a review under that statute, the absence of specific authority does not prohibit our review of the trial court's order. We agree with the City.

[9] Indiana Code section 33-35-5-10 sets out the procedure in which a party in a civil action from certain city courts can take an appeal from the judgment of those city courts. The statute provides several steps that must be taken for such an appeal to be accepted but is silent on the issue of Indiana Court of Appeals jurisdiction over such cases. Although Rostankovski argues that the legislature has the power to limit the jurisdiction of this court to hear appeals of a trial court's ruling under Indiana Code section 33-35-5-10, and that its silence on the issue is a limit of that jurisdiction, the power to determine when appeals of legal actions may be taken to the Indiana Court of Appeals actually lies within the exclusive province of the Indiana Supreme Court by application of the Indiana Rules of Appellate Procedure. The Indiana Supreme Court has the authority to adopt, amend, and rescind rules of court that govern and control practice and procedure in all the courts of Indiana. Ind. Code § 34-8-1-3. Accordingly, our

courts have repeatedly held that when there is a conflict between a procedural statute and a procedural rule adopted by our supreme court, the supreme court rule takes precedence and the conflicting statute is nullified. *Owen Cty. ex rel. Owen Cty. Bd. of Comm'rs v. Ind. Dep't of Workforce Dev.*, 861 N.E.2d 1282, 1288 (Ind. Ct. App. 2007). Here, there is no conflict between Indiana Code section 33-35-5-10 and the Indiana Appellate Rules as the statute is silent as to any lack of jurisdiction to seek an appeal with the Indiana Court of Appeals. But, to the extent that there is any conflict, the Indiana Appellate Rules take precedence.

[10] Under Indiana Appellate Rule 5, "[e]xcept as provided in [Appellate] Rule 4, the Court of Appeals shall have jurisdiction in all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts, notwithstanding any law, statute or rule providing for appeal directly to the Supreme Court of Indiana." Ind. Appellate Rule 5(A). Appellate Rule 4 establishes the matters over which the Indiana Supreme Court has mandatory and exclusive jurisdiction, which include final judgments declaring a state or federal statute unconstitutional, appeals involving waiver of parental consent to abortion, and appeals involving mandate of funds. Ind. Appellate Rule 4(A)(1)(b)-(d). Because the City's appeal does not fall into one of these categories, the exception referenced in Appellate Rule 5(A) does not apply, and the Court of Appeals has jurisdiction over this appeal.

[11] Further, under Appellate Rule 2(H), "[a] judgment is a final judgment if . . . it disposes of all claims as to all parties . . . ." App. R. 2(H)(1). Here, the trial court's order from which the City appeals affirmed the dismissal of the City's

complaint against Rostankovski and disposed of all claims as to all parties. *Appellant's App. Vol. 2* at 6. The order also included language that stated, "[s]eeing no just reason for delay, this shall be a final appealable order." *Id*. We, therefore, conclude that the Indiana Court of Appeals has jurisdiction over this appeal as it is an appeal from a final judgment of a circuit, superior, probate, or county court. *See* App. R. 5(A). Rostankovski's cross-appeal is denied.

## II.    Trial Court's Order

[12]    The City argues that the trial court erred when it affirmed the City Court's ruling that dismissed the complaint for a zoning ordinance violation against Rostankovski. Because the issue presented in this case is a question of law, our standard of review is de novo. *Thomas v. Ind. Bureau of Motor Vehicles*, 979 N.E.2d 171 (Ind. Ct. App. 2012), *trans. denied*. We will reverse only if an error of law is demonstrated. *Id.* at 171-72.

[13]    The City contends that it was error for the trial court to affirm the City Court's order, which dismissed the complaint on the basis of laches, because laches is not a defense to a municipality's action to enforce its zoning ordinances. The City asserts that it was error for the trial court to find that the City had waived the argument that laches cannot be a defense because the City did raise that contention in its motion to correct error filed with the City Court. Instead, the City asserts that it was Rostankovski, and not the City, that had the duty to raise laches as an affirmative defense, and he waived the issue of laches because

he never specifically pleaded the defense in his motion to dismiss. The City argues that the trial court actually raised the issue of laches sua sponte in its order dismissing the City's complaint to enforce the zoning ordinance, which was error.

[14] "Laches is an equitable defense that may be raised to stop a person from asserting a claim she would normally be entitled to assert." *Angel v. Powelson*, 977 N.E.2d 434, 445 (Ind. Ct. App. 2012). "'Laches is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done.'" *In re Paternity of P.W.J.*, 846 N.E.2d 752, 759 (Ind. Ct. App. 2006) (quoting *Knaus v. York*, 586 N.E.2d 909, 914 (Ind. Ct. App. 1992)), *clarified on reh'g*, 850 N.E.2d 1024 (2006). Laches is an affirmative defense that must be specifically pleaded, or it is waived. *U.S. Research Consultants, Inc. v. Cty. of Lake*, 89 N.E.3d 1076, 1085 (Ind. Ct. App. 2017), *trans. denied*. However, it is well established that laches is not a defense to a municipality's action to enforce its zoning ordinances. *See, e.g., Metro. Dev. Comm'n of Marion Cty. v. Schroeder*, 727 N.E.2d 742, 748 (Ind. Ct. App. 2000), *trans. denied*; *Hannon v. Metro. Dev. Comm'n of Marion Cty.,* 685 N.E.2d 1075, 1080 (Ind. Ct. App. 1997); *Harbour Town Assocs., Ltd. v. City of Noblesville,* 540 N.E.2d 1283, 1287 (Ind. Ct. App. 1989).

[15] In the present case, after the City filed a complaint against Rostankovski for a violation of the City's zoning ordinance, Rostankovski filed a motion to dismiss the complaint. However, nowhere in the motion did Rostankovski specifically plead the affirmative defense of laches. *See Appellant's App. Vol. 2* at 38-41. The

defense of laches was not raised by either party and was not litigated at the City Court hearing. Laches was not mentioned until the City Court made the following concluding remarks after the close of evidence:

> I think you really got two things at issue. One is the deck is in violation of the zoning ordinances. And two, if it is in violation of the zoning ordinances, is the City able to enforce it or is the City barred for some reason from enforcing it. I can answer the first question, I'm not sure about the second.
>
> First one is, as constructed this deck does violate the three-foot setback. I'm not prepared to answer at this time or decide at this time as to whether an estoppel or latches [sic] or something of that nature would preclude the City from enforcing it at this time.
>
> Therefore, I'm going to take this under advisement.

*Id.* at 34-35. Shortly thereafter, the City Court issued its ruling dismissing the City's complaint due to laches. *Id.* at 12. After this ruling, the City filed its motion to correct error, arguing that it was error for the City Court to dismiss for laches because laches cannot be a defense to a municipality's action to enforce its zoning ordinances, and that motion was denied. *Id.* at 13-17. In its petition to the trial court for review of the City Court's ruling, the City again reiterated its argument that it was error to dismiss the complaint for laches because it is not a defense to a municipality's action to enforce its zoning ordinances. *Id.* at 8-11.

[16] Based on our review of the record, we conclude that the trial court erred when it affirmed the City Court's ruling dismissing the City's complaint. The law is

clear that laches cannot be a defense to municipality's action to enforce its zoning ordinances, which was the basis of the City's complaint. Perhaps, knowing this to be true, Rostankovski did not specifically plead laches as an affirmative defense in his motion to dismiss filed with the City Court and did not argue it at the hearing on the motion. The defense was not raised until the City Court sua sponte mentioned it in it closing remarks and then based its dismissal of the complaint on the same. The City, at its first opportunity to raise it, argued in its motion to correct error that laches could not be a defense to the action at issue. We, therefore, do not agree with the trial court that the City waived the issue because it was not raised to the City Court. The City Court erred in sua sponte basing its dismissal of the complaint on laches, and the trial court erred in affirming the City Court's erroneous ruling. We reverse the trial court's order and remand for further proceedings.

Reversed and remanded.

Najam, J., and Brown, J., concur.