INDIANA REAL ESTATE COMMIS-SION, Appellant–Respondent,

v.

Ronald ACKMAN, Appellee–Plaintiff.

No. 42A04–0109–CV–386.

Court of Appeals of Indiana.

May 2, 2002.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, for Appellant.

## OPINION

FRIEDLANDER, Judge.

An administrative law judge (ALJ) panel issued and the Indiana Real Estate Commission (the Commission) adopted a final order that imposed disciplinary sanctions on Ronald Ackman. Ackman petitioned for judicial review, and the trial court set aside the final order finding that the doctrine of laches applied. The sole issue presented by the Commission on appeal is: Did the trial court err in applying the doctrine of laches to reverse a decision of the Commission indefinitely suspending Ackman's real estate license with no right to petition for reinstatement for six months and until he had taken a two-hour continuing education course in escrow account law?

We reverse.

The facts most favorable to the decision reveal that in February and March of 1992, the Indiana Professional Licensing Agency (the Agency) conducted a routine compliance review and escrow audit of Ronald Ackman Real Estate. The audit revealed that Ackman's escrow account was not clearly identified as such and that on multiple occasions, Ackman had either failed to deposit earnest money into his escrow account within two days or had drawn advances from that account prior to closing. As a result of those findings, on August 6, 1993, the State filed a disciplinary complaint before the Commission against Ackman.

A settlement conference was held on September 21, 1993. The proposed settlement called for Ackman's real estate license to be suspended for six months, but

for the suspension to be stayed and Ackman to be placed on probation with certain requirements for that period. The proposed settlement agreement was not filed, however, until March 31, 1997. The Commission rejected the proposed agreement on May 7, 1997. A hearing was held before an ALJ panel on January 21, 1998. At that hearing, Ackman admitted he had committed the violations alleged in the complaint, but presented evidence that he had been in compliance with all real estate regulations since that time.

On March 25, 1998, the ALJ panel issued an order finding that Ackman had committed the alleged violations and directing Ackman's real estate license to be suspended indefinitely with no right to petition for reinstatement for six months and until he had taken a two-hour continuing education course in escrow account law. The order noted that the Commission was imposing a lesser sanction in this case due to the passage of time and Ackman's evidence demonstrating his compliance with the law since the time of the violations. On June 8, 1998, the Commission issued a final order adopting the ALJ panel's order.

■ On June 19, 1998, Ackman petitioned for judicial review of that final order. Ackman also petitioned for a stay of the suspension, which the trial court granted. Ackman asserted that the doctrine of laches should apply because he had detrimentally relied on the expected settlement during the period of time between the settlement conference and the rejection of the proposed agreement and had demonstrated his ability to comply with the law during that period of time. On July 19, 2001, the trial court issued an order finding that the doctrine of laches applied and reversing the Commission's suspension of Ackman's real estate license.

Judicial review of an administrative decision is limited. Review of an agency's decision is confined largely to the agency record. The court cannot reweigh the evidence and must review the record in the light most favorable to the administrative proceedings. The court may neither try the case de novo nor substitute its judgment for that of the agency. The reviewing court is to give deference to the expertise of the administrative body. The decision should be reversed only when it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to a constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence.

*State of Indiana, Indiana Real Estate Comm'n v. C.M.B. III Enterprises, Inc.,* 734 N.E.2d 653, 658 (Ind.Ct.App.2000).

■ We note at the outset that Ackman has failed to file an appellate brief. When an appellee fails to submit a brief in accordance with our rules, we need not undertake the burden of developing an argument for the appellee. *In re Paternity of C.R.R.,* 752 N.E.2d 58 (Ind.Ct.App.2001). Indiana courts have long applied a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Id.* Thus, we may reverse the trial court if the appellant is able to establish prima facie error. *Id.* In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Johnson Co. Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985). When an appellant is unable to meet this burden, however, we will affirm. *Blair v. Emmert,* 495 N.E.2d 769 (Ind.Ct.App.1986), *trans. denied.*

The Commission contends that the trial court erred in applying the doctrine of laches in reversing the decision of the Commission indefinitely suspending Ackman's real estate license. The Commission first argues that the doctrine of laches is inapplicable to governmental entities. As such, the doctrine cannot be invoked to prevent the Commission, a state agency, from suspending Ackman's real estate license. In the alternative, the Commission argues that even if laches can be applied against a government agency, Ackman has failed to prove all three elements of the doctrine.

■ "The question of laches is one to be determined by the court in the exercise of its sound discretion. For a decision to be reversed on appeal, an abuse of discretion must be clearly demonstrated." *Simon v. City of Auburn, Indiana, Bd. of Zoning Appeals,* 519 N.E.2d 205, 215 (Ind.Ct.App. 1988). An abuse of discretion occurs only when the trial court's conclusion and judgment is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Taylor v. Metro. Dev. Comm'n,* 436 N.E.2d 1157 (Ind.Ct.App.1982).

■ Laches is an equitable defense that may be raised to stop a person from asserting a claim that he would normally be entitled to assert. *Storm, Inc. v. Indiana Dep't of State Revenue,* 663 N.E.2d 552 (Ind. Tax Ct.1996). The rationale behind the doctrine of laches is that a person who, for an unreasonable length of time, has neglected to assert a claim against another waives the right to assert his claim when this delay prejudices the person against whom he would assert it. *Id.* We acknowledge that equitable defenses, such as laches, typically may not be asserted against the government when it acts in its sovereign capacity to protect the public welfare. *See U.S. v. Wedzeb,* 809 F.Supp. 646 (S.D.Ind.1992), *Harbour Town Associates, Ltd. v. City of Noblesville,* 540 N.E.2d 1283 (Ind.Ct.App.1989) (holding that the doctrine of laches is never applicable to a municipality in enforcing its ordinances because of public policy interests). Our research reveals only one case indicating by footnote that "[t]here does not appear to be a generally recognized prohibition against enforcing the laches defense against a government entity[.]" *Hi–Way Dispatch, Inc. v. Indiana Dep't of State Revenue,* 756 N.E.2d 587 (Ind. Tax Ct.2001). While there may not be a "generally recognized prohibition" against applying the doctrine where a government entity is involved, we conclude that where government acts to protect the public welfare, the doctrine should not be permitted to frustrate the enforcement of a valid regulation except in the clearest and most compelling circumstances. In the instant case, the Commission is charged with protecting public interests. Indeed, it attempted to ensure that Ackman properly managed his escrow accounting so as to protect future real estate clients. As such, the doctrine of laches should not be used to bar the Commission from enforcing its regulations.

■ Under certain conditions, where extreme unfairness is shown, a court may apply equitable principles against the government. *See U.S. v. Lindberg Corp.,* 882 F.2d 1158 (7th Cir.1989). Extreme unfairness occurs where the public interest would be threatened by the government's conduct. *See Hannon v. Metro. Dev. Comm'n of Marion Co.,* 685 N.E.2d 1075 (Ind.Ct.App.1997) (holding that an exception to the rule that equitable estoppel cannot be applied against governmental entities exists if the public interest would be threatened by the government's conduct). Because the extremely limited circumstances which would allow for its application are not present in this case, we need

not determine whether the "extreme circumstances exception" exists to permit the application of laches against a government entity. *Id.* at 1082 n. 7. As such, we conclude that the trial court's findings and stated conclusions thereon that laches barred the Commission's decision to suspend Ackman's real estate license are clearly erroneous.

Furthermore, even if the doctrine of laches is applicable, the defense fails. The doctrine of laches consists of three elements: (1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances resulting in prejudice to the adverse party. *Indiana Family and Soc. Services Admin. v. Hospitality House of Bedford,* 704 N.E.2d 1050 (Ind.Ct.App. 1998). No one element, not even the passage of time, is sufficient to demonstrate laches. *Id.*

In order to bar a case based on laches, the court must find an inexcusable delay in asserting a known right. *Storm, Inc.,* 663 N.E.2d 552. Here, the Commission did not delay in filing its complaint against Ackman. Approximately one year after the Agency discovered the violations in real estate regulations, the State filed a complaint against Ackman before the Commission. The delay occurred between the time of the settlement conference and the issuance of the Commission's final order, after the initial complaint had been filed. While we certainly do not condone the Commission's delay in resolving the case, laches involves delay in bringing a case, not delay in resolving a case. *Id.*

Furthermore, the record is devoid of any evidence of injury, prejudice, or disadvantage to Ackman. From the time of the routine compliance review audit in 1992 to the issuance of the Commission's final order in 1998, Ackman continued to engage in the business of selling real estate. The Commission also noted that Ackman received a "lesser sanction in this case due to the passage of time since the occurrence of the violations and because [Ackman] has submitted bookkeeping records concerning his escrow account management since the occurrence of the violations which appear to show an ability to properly manage his escrow account." *Appellant's Appendix* at 35.

In his brief to the trial court, Ackman argued that he was lulled into a false sense of security as a result of the delay. *Id.* at 9. Mere inconvenience is insufficient to establish prejudice. *In re Curry Printers, Inc.,* 135 B.R. 564 (Bkrtcy.N.D.Ind. 1991). Ackman must prove that based on the assumption that the Commission would not pursue its claim against him, he altered his position in a detrimental manner. *Id.* No such evidence was submitted by Ackman in support of his defense of laches. Ackman testified that based on proposals made at the settlement conference, he "did everything they asked him to do[.]" *Transcript* at 14. The evidence reveals that Ackman was merely required to demonstrate compliance with reasonable regulations by submitting bookkeeping records concerning his escrow management since the occurrence of the violations. This by itself is insufficient to constitute detrimental reliance of the nature required to support a claim of laches. As such, we conclude that the trial court abused its discretion in reversing the Commission's suspension of Ackman's real estate license.

Judgment reversed with the Commission's final order reinstated.

BROOK, C.J., and SHARPNACK, J., concur.