Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**JAMES S. BUTTS**
Law Office of James S. Butts, P. C.
Warsaw, Indiana

ATTORNEY FOR APPELLEE:

**TORREY J. BAUER**
Warsaw, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RENEE TRIPP, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 43A03-1208-DR-375 |
| | ) | |
| WILLIAM BOCKMAN, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE KOSCIUSKO CIRCUIT COURT
The Honorable Rex L. Reed, Judge
Cause No. 43C01-9201-DR-42

**April 29, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Renee Tripp ("Mother") appeals the trial court's June 7, 2012 order on her petitions for arrearages. Mother raises one issue which we revise and restate as whether the order is clearly erroneous. We affirm in part and remand.

FACTS AND PROCEDURAL HISTORY

Mother and William Bockman ("Father") married and had one child, B.B., who was born on September 21, 1989. Their marriage was dissolved when the parties waived final hearing and signed a decree of dissolution of marriage ("Decree") which was approved by the trial court and filed of record on March 26, 1992. Paragraph 4 of the findings of the Decree provided that "the General Order of the Court dated May 15, 1990 relating to child custody, visitation and support [(the "Standing Order")] is annexed to and hereby incorporated in this Decree, and the parties should strictly comply therewith." Appellant's Appendix at 14. Also, paragraph (b) of the provisions containing the orders of the Decree provided that the Standing Order "relating to child custody, visitation and support is annexed to and hereby made a part of this Decree as if set out fully herein, and the parties shall strictly comply therewith." Id. at 15. The Decree provided that Mother would have custody of B.B. and that Father would pay weekly child support. In addition, paragraph (f) of the Decree provided that Father would "keep in effect and pay for hospital and medical insurance coverage" with respect to B.B. until he obtained the age of twenty-one or became emancipated, whichever occurred first. Id. at 16. Paragraph (g) provided that Mother would "pay the first $500 each year for all reasonable and necessary hospital, medical, dental, optometric, orthodontal and prescription drug expenses incurred for the benefit of [B.B.] not covered by insurance of either party and

2

expenses in excess of $500 per year shall be shared equally between the parties." Id. Also, paragraph (l) provided that Mother and Father would "each pay one half of all school expenses of [B.B.] through high school and also through college . . . ." Id. at 17.

On November 14, 2011, Mother filed two separate petitions. First, Mother filed a Petition to Determine Regular Child Support Arrearage and for Entry of Judgment in which she alleged that Father was in arrears in payment of his regular support obligation and that interest had and was accruing on the arrearage amount and requested the court to enter judgment against Father in the amount of the support arrearage and attorney fees. Second, Mother filed a Petition to Determine Child Support Arrearages and for Entry of Judgment in which she requested the court to determine Father's arrearages with respect to Father's obligations to pay for hospital and medical insurance under paragraph (f) of the Decree, healthcare expenses under paragraph (g), certain school expenses under paragraph (l), and certain claimed extraordinary expenses. On May 30, 2012, the court held a hearing at which the parties presented arguments and evidence.

On June 7, 2012, the court entered an Order on Petition to Determine Child Support Arrearages and for Entry of Judgment in which the court concluded in part that Father was not required to pay child support on and after September 21, 2010, which was B.B.'s twenty-first birthday, that any support payments made subsequent to September 21, 2010, should apply toward amounts that otherwise might be due from Father to Mother for school expenses, and that Mother's request for judgment for hospital and medical insurance arrearages and health care expense arrearages should be denied. The trial court included a memorandum which provided further explanation for its reasons for

3

denying Mother recovery for requested insurance and health expense arrearages. The memorandum provided that Section 4.5 of the Standing Order required the parties to settle any health care allocations between them no later than February 28 of the following year and, if they were unable to do so, that the aggrieved party was required to file a motion to enforce support no later than May 30 of that year and only for the preceding year, that no such pleadings were filed, and that Mother testified that she at no time provided Father with any copy of medical bills or requested payment from him. The memorandum further provided that Mother testified that, after about 1995, she did not document the payments she claimed as required by the Standing Order and thus that Father was not required to contribute to the expenses, that the evidence was conflicting, and that the parties acknowledge that at some point Father or his wife commenced covering B.B. under her health and hospitalization plan at her place of employment. Mother filed a motion to reconsider or in the alternative a motion to correct error raising the issues of Father's regular child support arrearage, health insurance arrearages, and unreimbursed health expense arrearages, and the trial court denied Mother's motion. Mother now appeals.

ISSUE AND STANDARD OF REVIEW

The issue is whether the trial court's June 7, 2012 order on Mother's petitions is clearly erroneous. "We place a 'strong emphasis on trial court discretion in determining child support obligations' and regularly acknowledge 'the principle that child support modifications will not be set aside unless they are clearly erroneous.'" Lea v. Lea, 691 N.E.2d 1214, 1217 (Ind. 1998) (quoting Stultz v. Stultz, 659 N.E.2d 125, 128 (Ind.

4

1995)). "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." Quillen v. Quillen, 671 N.E.2d 98, 102 (Ind. 1996). A judgment is clearly erroneous if it relies on an incorrect legal standard. Menard, Inc. v. Dage-MTI, Inc., 726 N.E.2d 1206, 1210 (Ind. 2000), reh'g denied. We give due regard to the trial court's ability to assess the credibility of witnesses. Id. While we defer substantially to findings of fact, we do not do so to conclusions of law. Id. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. Yoon v. Yoon, 711 N.E.2d 1265, 1268 (Ind. 1999).

DISCUSSION

Mother argues in her appellant's brief that the court's finding that Father was not under an obligation to pay support following B.B.'s twenty-first birthday and that any payments made following B.B.'s birthday should be applied to amounts due from Father for school expenses "retroactively modified the [Decree] by determining that although an uncontradicted arrearage existed on [B.B.'s] twenty-first birthday, [] there was no obligation to pay the support arrearage." Appellant's Brief at 13. Mother further argues that Father was ordered to provide hospital and medical insurance for B.B. until he reached the age of twenty-one, that the undisputed evidence is that Mother obtained and paid the insurance premiums for a period of time and was not reimbursed by Father, and that by denying her petition for reimbursement of the insurance premiums the court retroactively modified Father's support obligation. Mother also argues that the Standing Order was contrary to Ind. Code § 34-11-2-10 and its predecessor statute and that the trial

5

court "was without authority to enact such Standing Order as to limiting the period of time for recovery of child support arrearage . . . ." Id. at 15.

Father asserts, in response to Mother's argument that the trial court retroactively modified the Decree by determining that there was no obligation to pay a support arrearage, that the court "appropriately found that no child support arrearage existed at the time of [B.B.'s] emancipation," that the parties "entered into an alternative arrangement for payment of support that complied with the 'spirit of the Decree' evidenced by a formal agreement filed in the record of the trial court," and that, while generally a court may not retroactively reduce or eliminate a support obligation, an exception exists where the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of a decree.[1] Appellee's Brief at 4. Father further argues that the court did not abuse its discretion in denying Mother's request for reimbursement of health insurance premiums and alleged unreimbursed heath care expenses, that Mother failed to comply with requirements of the Standing Order, and that Mother is barred by the doctrine of laches for failing to timely seek reimbursement for the alleged expenses.

---

[1] In support of this argument, Father points to his testimony regarding an agreement he had made with Mother and to an exhibit of a handwritten petition on a court form which he introduced at the hearing that provided in part:

> I would like to petition the court for a hearing.
> I [Father] move the court to terminate all future support payments and past Balances of support showing this case paid current.
> Support payments to [Mother] for [B.B.] Case # C192DR00042
> I agree to this motion to the Court

Respondent's Exhibit A. The petition, while not file-stamped, was signed by both parties and dated June 8, 2011.

6

In her reply brief, Mother argues Father is incorrect that the parties agreed to and carried out an alternative method of payment which substantially complied with the spirit of the Decree and that "[b]y its Orders, the trial court did not find that [Father's] petition and motion was an agreement by [Mother] to terminate all future support payments and past balances of support." Appellant's Reply Brief at 5. Mother further argues that Father misconstrues Section 4.5 of the Standing Order, that the final paragraph of that section limits only the time to recover health care expenses, and that no provision is made which limits the time for recovery of health care premiums paid for by the party not obligated to maintain health insurance coverage. Mother also argues that the doctrine of laches does not bar her claims.

With respect to the issues raised on appeal regarding Father's basic child support obligation, we note that, while the record contains a petition filed by Mother on November 14, 2011, requesting the trial court to enter judgment in the amount of Father's arrearage with respect to his failure to make basic child support payments attributable to the period prior to B.B.'s twenty-first birthday,[2] the trial court, in its June 7, 2012 order,[3] found only that Father was not required to pay child support for B.B. following September 21, 2010, which was B.B.'s twenty-first birthday, and that any support payments made subsequent to that date should be applied toward amounts that otherwise

---

[2] The record also shows that Mother presented argument and evidence at the May 30, 2012 hearing in support of her request for a determination of Father's arrearage with respect to his basic child support obligation.

[3] The record does not include any other order of the court which may have addressed Mother's petition regarding Father's arrearage related to his basic child support obligation, and the court's chronological case summary does not indicate that a separate order was entered.

7

might be due from Father to Mother for school expenses. The court's order is silent as to the issue of Father's basic child support arrearage and does not find or conclude that Father was or was not required to pay any support arrearage due to the failure to pay all required support attributable to the period prior to B.B.'s twenty-first birthday. The order does not make a determination as to the amount of any such basic child support arrearage or whether Mother should be awarded interest or attorney fees as she requested. Also, as noted by Mother in her reply brief, the court's order does not make any findings related to whether there was an agreement by the parties to enter into an alternative arrangement for the payment of support.[4] Based upon the trial court's order and ruling, we decline to undertake an examination on appeal of the evidence admitted at the May 30, 2012 hearing and to make a determination as to whether Father may owe an arrearage related to his basic support obligation, the amount of any such arrearage, or whether the parties entered into a valid alternative arrangement for the payment of any such arrearage and, if so, whether Father made the obligated payments under such alternative arrangement. We decline to address an issue for the first time on appeal upon which the trial court did not rule or where any court order related to the issue has not been included in the record. On this issue, we remand to the trial court with instructions to enter findings on Mother's

---

[4] With respect to this issue, the parties cite Whited v. Whited, which holds that judicial action is generally required to modify or reduce a support order, subject to two narrow exceptions, one of which is when "the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree." 859 N.E.2d 657, 662 (Ind. 2007). With respect to this exception, the Court noted that "[t]he standard for alternative arrangements that 'substantially comply' with the spirit of the original decree is rigorous" and that "[c]redit for non-conforming payments is recognized when parents informally agree to change the form of payment (e.g., payment directly to the parent as opposed to through the clerk's office), so long as the amount of payment can be verified and there is no reduction of amount." Id. The parties presented evidence and arguments regarding this issue at the May 30, 2012 hearing.

November 14, 2011 Petition to Determine Regular Child Support Arrearage and for Entry of Judgment based upon the evidence presented at the May 30, 2012 hearing. The court should consider the parties' arguments related to Father's basic support obligation and any arrearage, which may include a determination of whether Father met the rigorous standard of showing that the parties agreed to an alternative method of payment that substantially complied with the spirit of the Decree.

With respect to expenses incurred to pay for health insurance coverage for B.B. and for unreimbursed health care costs, the Decree provides that Father would maintain hospital and medical insurance coverage for B.B. under paragraph (f) and that Mother would pay the first $500 each year of unreimbursed health care expenses and thereafter the expenses would be shared equally by the parties under paragraph (g). The Decree, which was agreed to by the parties, specifically provides, in paragraph 4 of the findings and paragraph (b) of the order, that the Standing Order was incorporated or made a part of the Decree and that the parties would strictly comply with the terms of the Standing Order. Section 4.5 of the Standing Order governs the payment of health care and health insurance expenses by the parties and includes specific provisions regarding the settlement of claimed health care expenses between the parties. Section 4.5 provides in part:

> A party, whether the support obligor or the support obligee, ordered to maintain health insurance shall maintain and pay the premiums of health insurance in effect at the time of the entry of the order, or a policy providing analogous or similar benefits unless relieved of that obligation by order of the Court upon motion to modify. Failure to continue in effect that medical insurance will result in an order allocating all health care expenses to the person who fails to maintain the insurance. . . .

9

* * * * *

> The parents of supported children may settle the health care allocations between them at anytime, but with respect to any given calendar year, they shall settle it as between themselves not later than February 28th of the following year. *If the parties are unable to settle the health care allocations at that time, the aggrieved party must file with the Court a motion to enforce support, which unless there be good cause, should be filed not* [sic] *later than May 30th of that year and for only the preceding year. The purpose of this limitation is to settle the issue while it is fresh, and to avoid carrying over from year to year controversies over health care and to a time when it becomes impossible or extremely difficult to correct errors.* Any person who unresonably [sic] fails to settle the health care allocation within the limitations provided by this paragraph and who thereby causes the other party to incur attorney fees shall be sanctioned by the cost of those attorney fees and, perhaps, additional sums as the case may require. If health care expense, because of extended illness or severe injury, is large and the parties are simply unable to pay the expense, they must nonetheless settle the amount due as between them within the limitation stated in this section so that their respective obligation can be determined; and shall then enter into a written agreement as between them as to how much is due by each party. . . .

Appellant's Appendix at 26-27 (emphasis added). The parties do not dispute that Mother did not comply with the provisions of the Standing Order above related to settling health care allocations required by the Decree for each year prior to February 28th of the following year or in filing a motion to enforce any such health care allocations by May 30th of any year for the preceding year. As a result, Mother is precluded from seeking reimbursement for those claimed expenses at this time, and the court's findings on this basis are not clearly erroneous.

We also find that, even if the Standing Order had not included specific provisions related to the settling of health care expenses, Mother would be precluded from seeking back-payment for those insurance premiums and claimed health care expenses she paid based upon the doctrine of laches. Laches is an equitable defense that may be raised to

10

stop a person from asserting a claim that he would normally be entitled to assert. Ind. Real Estate Comm'n v. Ackman, 766 N.E.2d 1269, 1273 (Ind. Ct. App. 2002). The rationale behind the doctrine of laches is that a person who, for an unreasonable length of time, has neglected to assert a claim against another waives the right to assert the claim when this delay prejudices the person against whom he would assert it. Id. Laches requires: (1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party. SMDfund, Inc. v. Fort Wayne-Allen Cnty. Airport Auth., 831 N.E.2d 725, 729 (Ind. 2005), cert. denied, 546 U.S. 1093, 126 S. Ct. 1051 (2006). Here, Mother was aware of the requirements of the Decree, she waited for an unreasonable period of time before filing her petition for reimbursement of the claimed insurance and health expenses, and Father has shown that he was prejudiced by the delay in that he would be required to challenge Mother's claims of expenses in connection with insurance coverage premium payments and other unreimbursed health care expenses which were allegedly incurred as far back as 1993.

Based upon the record, and keeping in mind that we place a strong emphasis on trial court discretion in determining child support obligations, we cannot say that the court's order that Mother's request for judgment for hospital and medical insurance arrearages and health care expense arrearages should be denied is clearly erroneous.

11

CONCLUSION

For the foregoing reasons, we affirm the court's June 7, 2012 order and remand with instructions to address Mother's request for a determination of any arrearage related to Father's basic child support obligation.

Affirmed in part and remanded.

RILEY, J., and BRADFORD, J., concur.