# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:
**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR *AMICUS CURIAE*
**MARGARET C. LIU**
Conference of State Bank Supervisors
Washington, District of Columbia

**A. SCOTT CHINN**
**JON LARAMORE**
Faegre Baker Daniels LLP
Indianapolis, Indiana



**FILED**

Sep 08 2014, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEPARTMENT OF FINANCIAL INSTITUTIONS, STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1401-MI-16 |
| | ) | |
| MICHAEL MASSEY, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theodore M. Sosin, Judge
Cause No. 49D02-1108-MI-31784

**September 8, 2014**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

The Indiana Department of Financial Institutions ("the DFI") appeals following the trial court's reversal of the DFI's decision to deny Michael Massey a Mortgage Lender Originator's ("MLO") license. The DFI now appeals, presenting two issues that we restate as follows:

I.    Whether the DFI has made a *prima facie* showing that it is the MLO licensing authority; and

II.   Whether the DFI has made a *prima facie* showing that it acted within its discretion when it denied Massey an MLO license on character and fitness grounds.[1]

We reverse.

**FACTS AND PROCEDURAL HISTORY**

Michael Massey is a MLO who sells residential mortgage loans to the public. Prior to the passage of the federal Secure and Fair Enforcement for Mortgage Licensing Act ("SAFE") and the Indiana First Lien Mortgage Lending Act ("the FLMLA") in 2008, MLOs operating in Indiana were not required to obtain a license. During the summer of 2010, Massey applied for an MLO license. Massey completed the licensing requirements, including providing a summary of his criminal history. Massey had been convicted in 1976 of three counts of armed robbery for which he served four years in prison. In 1996, Massey had been convicted of federal charges of possession of marijuana with intent to deliver and possession of a firearm by a felon. Massey served six years in prison for those convictions.

---

[1] Because of our disposition in this matter, we do not reach the issues of whether the DFI properly characterized Massey's 1976 armed robbery conviction as a crime of dishonesty or whether the trial court properly ordered affirmative relief.

The National Mortgage Licensing System and Registry ("NMLS") processes and renews MLO license applications. On July 14, 2010, the NMLS sent Massey an email indicating that his MLO license had been approved.[2] On July 20, 2010, the DFI sent Massey an email informing him that the DFI was unable to approve his MLO license due to his criminal history. The DFI email alerted Massey that he could pursue his MLO license application by appearing at a regularly-scheduled meeting of the DFI Board. Massey exercised that option, but the DFI Board unanimously denied his application, citing character and fitness grounds and the fact that Massey had been convicted of a crime of dishonesty, armed robbery.

Massey sought administrative review, arguing that the DFI had no authority to deny his application and that, even if the DFI had that authority, his armed robbery conviction was not a crime of dishonesty that precluded him from receiving a license. After a hearing on the matter, the Administrative Law Judge ("ALJ") upheld the DFI's denial of Massey's MLO license application. The ALJ found that the DFI had correctly concluded that Massey's armed robbery conviction qualified as a crime of dishonesty. The ALJ also found that the DFI acted within its discretion when it found that Massey's armed robbery, marijuana possession, and firearm possession convictions reflected poorly on Massey's character and fitness to be an MLO.

Massey sought judicial review. The trial court reversed the decisions of the DFI and the ALJ. The trial court found that the NMLS, not the DFI, was the sole entity

---

[2] The impetus for the NMLS email is unclear from the record. On appeal, the State asserts that "the current license status in the NMLS e-mail was incorrectly designated 'approved' because, in fact, the licensing status was 'pending-incomplete'". *Appellant's Br*. at 15.

3

authorized by statute to issue MLO licenses. The trial court concluded that the NMLS had issued Massey a federal MLO license and that the DFI had exceeded its statutory authority when it denied Massey a state MLO license. The trial court also found that the DFI improperly characterized Massey's armed robbery convictions as a crime of dishonesty and that the DFI had waived any argument about Massey's character and fitness. The trial court remanded the matter to the DFI, ordering the DFI to issue and renew Massey's Indiana MLO license if he met the other criteria for a license. The DFI now appeals.

## DISCUSSION AND DECISION

### Standard of Review

We first note that Massey did not file an appellate brief.[3] Under that circumstance, we are not required to develop arguments for the appellee. *Ind. Real Estate Comm'n v. Ackman*, 766 N.E.2d 1269, 1272 (Ind. Ct. App. 2002) (citing *In re Paternity of C.R.R.*, 752 N.E.2d 58, 59 (Ind. Ct. App. 2001). We also apply a less stringent standard of review when an appellee fails to submit a brief. *Id.* Here, we will reverse the decision of the trial court if the DFI establishes a case of *prima facie* error. *Id.* "In this context, '*prima facie*' is defined as 'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Johnson Cnty. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind. Ct. App. 1985)). However, if the DFI cannot establish *prima facie* error, we will affirm. *Id.* (*citing Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind. Ct. App. 1986), *trans. denied*).

---

[3] At trial, Richard L. Steagall, an attorney not licensed in Indiana but admitted *pro hac vice* for the trial court proceedings in this matter, filed a Motion for Enlargement of Time to file the Appellee's brief but has not satisfied the procedure for temporary admission as set forth by Admission and Discipline Rule 3(2). No further documents have been tendered on behalf of the Appellee.

Furthermore, this is an appeal from the trial court's reversal of the DFI and the ALJ's decisions. "Judicial review of an administrative decision is limited under the Administrative Order and Procedures Act ("AOPA")." *Terkosy v. Ind. Dep't. of Educ.*, 996 N.E.2d 832, 833 (Ind. Ct. App. 2013) (citing *Huffman v. Office of Envtl. Adjudication*, 811 N.E.2d 806, 809 (Ind. 2004)). Under AOPA, an agency action will be reversed only if this court "determines that a person seeking judicial relief has been prejudiced by an agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence." *Id*. (citing Ind. Code § 4-21.5-5-14(d)).

## I. MLO Licensing Authority

The DFI argues that the trial court erred when it concluded that the NMLS, and not the DFI, is the sole Indiana MLO licensing entity. "To the extent the issue turns on statutory construction, whether an agency possesses jurisdiction over a matter is a question of law for the courts." *Ind. Dep't of Envtl. Mgmt. v. Twin Eagle LLC*, 798 N.E.2d 839, 844 (Ind. 2003) (citation omitted). Although we defer to an administrative agency's factual determinations, we review questions of law *de novo*. *Terkosky*, 996 N.E.2d at 842 (citing *Bd. of Comm'rs of LaPorte Cnty. v. Great Lakes Transfer, LLC*, 888 N.E.2d 784, 788-789 (Ind. Ct. App. 2008)). If a statute has not been previously construed, our interpretation is governed by the express language of the statute and the rules of statutory construction. *Ind. Dep't of Envtl. Mgmt. v. Constr. Mgmt. Assocs.*, *LLC* 890 N.E.2d 107, 112 (Ind. Ct. App.

5

2008) (citing *Ross v. Ind. State Bd. of Nursing*, 790 N.E.2d 110, 119 (Ind. Ct. App. 2003)). The objective of statutory construction is to implement the legislature's intent. *Family & Soc. Servs. Admin. v. Calvert*, 672 N.E.2d 488, 491-92 (Ind. Ct. App. 1996).

The DFI refers us to several portions of SAFE in support of its argument that it, and not the NMLS, has authority to license MLOs in Indiana. The stated purpose of SAFE is, in relevant part, as follows:

> In order to increase uniformity, reduce regulatory burden, enhance consumer protection, and reduce fraud, *the States*, through the Conference of State Bank Supervisors and the American Association of Residential Mortgage Regulators, *are hereby encouraged to establish a Nationwide Mortgage Licensing System and Registry* for the residential mortgage industry that accomplishes…the following objectives:
> (1) Provides uniform license applications and reporting requirements for *State-licensed loan originators*.
> (2) Provides a comprehensive licensing and supervisory database.

12 U.S.C. § 5101 (emphasis added). In addition, SAFE defines the NMLS as a "mortgage licensing system developed and maintained by the Conference of State Bank Supervisors and the American Association of Residential Mortgage Regulators for the *State licensing and registration of State-licensed loan originators…*" § 5102(6) (emphasis added). The term "State-licensed loan originator" means "any individual who [] is a loan originator [and who is] licensed *by a State…*" § 5102(12)(A), (C) (emphasis added).

Other portions of SAFE bolster the DFI's *prima facie* case. Section 5103(a) requires MLOs to obtain and maintain "a license and registration as a *State-licensed* loan originator." (Emphasis added). Section 5104, entitled "*State license* and registration application and issuance," provides that "[i]n connection with an application to any *State* for licensing and registration as a *State-licensed loan originator*, the applicant shall, at a

6

minimum, furnish to the [NMLS] information concerning the applicant's identity…" (Emphasis added). Thus, the express language of SAFE supports a *prima facie* case that Congress intended to reserve licensing authority to the States.

In addition, the Indiana Legislature implemented SAFE through the FLML. Ind. Code § 24-4.4-1-101. The FLML states that "[t]he department [DFI] shall receive and act on all applications for licenses to engage in first lien mortgage transactions" while the NMLS is the sole entity responsible for "processing applications and renewals for licenses…" Ind. Code §§ 24-4.4-2-402(1), -402.4(1). The DFI argues that these provisions mean that the NMLS processes applications while the DFI acts on those applications. Through its citation to SAFE and FLML, the DFI has met its *prima facie* burden of showing, in this case, that it is the licensing authority for MLOs who operate in Indiana.

### III.  Denial of Massey's License

The DFI Board voted unanimously to deny Massey a license based upon character and fitness grounds, among other things. *Appellant's App*. at 99. The DFI argues that it acted within its discretion when it denied Massey a license on those grounds.[4] The burden of demonstrating the invalidity of an agency action is on the party asserting its invalidity. Ind. Code § 4-21.5-5-11. We do not reverse an agency action unless it is arbitrary and capricious. *Terkosky*, 996 N.E.2d at 833. "A decision is arbitrary and capricious when it

---

[4] The trial court found that the DFI had "waived" any argument based upon its character and fitness requirement because it did not mention that requirement when it first contacted Massey on July 20, 2010, regarding the fact that the DFI could not approve his license. *Appellant's App*. at 91. However, that email was not a final decision of the DFI, as it informed Massey that he could pursue his license application with the DFI Board, which he did. *Id*. at 101. The DFI Board denied Massey a license based upon his armed robbery conviction and on character and fitness grounds. *Id*. at 99.

7

is made without any consideration of the facts and lacks any basis that may lead a reasonable person to make the same decision made by the administrative agency." *Kranz v. Meyers Subdivision Prop. Owners Ass'n*, 969 N.E.2d 1068, 1075 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*.

The Indiana Administrative Code provides that

> [an MLO] license may not be issued unless the department [DFI] finds that the professional training and experience, financial responsibility, character, and fitness of the applicant is such as to warrant belief that the mortgage loan originator will operate honestly and fairly within the purposes of this article.

750 Ind. Admin. Code 9-3-2(b). This portion of the Administrative Code permits the DFI to deny a MLO to an applicant who does not meet its character and fitness requirements. Massey had convictions for armed robbery, possession of marijuana with intent to deliver, and possession of a firearm by a felon for which he served a total of ten years. The ALJ determined that the DFI acted within its discretion when it denied Massey an MLO license on character and fitness grounds due to those convictions. *Appellant's App*. at 21. Based upon the facts that were not in dispute below and our *prima facie* standard of review in this case, the DFI has established that it acted within its discretion when it denied Massey an MLO license.

Reversed.

BAILEY, J., and MAY, J., concur.