

FILED

Sep 17 2015, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Robert F. Hunt | Jeremy M. Dilts |
| Hunt, Hassler, Lorenz & Kondras, LLP | Carson Boxberger LLP |
| Terre Haute, Indiana | Bloomington, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Richardson, | September 17, 2015 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 28A01-1503-CT-83 |
| v. | Appeal from the Greence Superiour Court |
| Town of Worthington, Indiana, | The Honorable Lori Thatcher Quillen, Special Judge |
| *Appellee-Defendant* | Trial Court Cause No. 28D01-1405-CT-7 |

**Robb, Judge.**

## Case Summary and Issue

[1] Donald Richardson sued the Town of Worthington ("Worthington"), seeking the payment of overtime wages pursuant to Indiana's Minimum Wage Law ("MWL"). Worthington moved for summary judgment, which the trial court granted. Richardson presents one issue for our review, namely, whether the trial court erred when it concluded that the MWL did not apply to

Worthington. Concluding that the MWL explicitly excludes from its purview employers such as Worthington who are subject to the minimum wage provisions of the Fair Labor Standards Act of 1938 ("FLSA"), we affirm.

# Facts and Procedural History

[2] Richardson was a marshal with Worthington's police department. During the time that Richardson worked there, the police department did not employ more than three full-time officers. Richardson was employed by the police department until March 2014.

[3] In May 2014, Richardson filed suit against Worthington seeking overtime compensation, unpaid wages, penalties, liquidated damages, and attorney's fees pursuant to the MWL. Worthington moved for summary judgment, arguing that the MWL did not apply. The trial court granted summary judgment in favor of Worthington:

> The only question presented is one of legal interpretation.
> [Richardson] claims overtime under the Indiana minimum wage law
> within IC 22-2-2 but the whole chapter does not apply to
> [Worthington] because IC 22-2-2-3 specifically excludes any employer
> who is covered by the federal minimum wage law. Indeed,
> [Worthington] is covered by the federal law but it is exempt from the
> overtime because it employed fewer than five (5) employees in law
> enforcement activities in the relevant period, a fact which is not
> contested, hence neither law would support [Richardson's] claim.

Appendix at 8. Richardson now appeals.

# Discussion and Decision

## I. Background and Relevant Statutes

### A. Indiana Minimum Wage Law

In 1965, the General Assembly enacted the MWL, which established, among other things, a minimum wage for Indiana workers. Ind. Code ch. 22-2-2. The public policy behind the MWL is to prevent the employment of workers below a minimum wage, which "threatens the health and well being of the people of the state of Indiana and injures the economy of the state." Ind. Code § 22-2-2-2. In 1998, the legislature amended the MWL to mandate overtime compensation for workers who toiled in excess of a forty-hour workweek. Ind. Code § 22-2-2-4(k), *added by* P.L. 39-1998, Sec. 1 (1998).

In its "Definitions; exemptions" section, the MWL provides that

> "[e]mployer" means . . . the state, or other governmental agency or political subdivision during any work week in which they have two (2) or more employees. However, it shall not include any employer who is subject to the *minimum wage* provisions of the federal Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201-209).

Ind. Code § 22-2-2-3 (emphasis added). Thus, any employer who is subject to the minimum wage provisions of the FLSA is exempt from providing its employees benefits under the MWL.

### B. Fair Labor Standards Act

The FLSA is the federal analogue of the MWL. 29 U.S.C. §§ 201-219 (1938). Like the MWL, the FLSA provides for a minimum wage to be paid to non-

salaried workers. 29 U.S.C. § 206 ("Minimum wage"). It also provides for overtime compensation at the rate of one and one-half times the regular rate of pay for hours worked in excess of a forty-hour week. 29 U.S.C. § 207 ("Maximum hours"). Although the FLSA is a nationwide law, it does not cover all employees with all of its protections. *See* 29 U.S.C. §§ 203(e), 213. One such exemption excludes employees of a law enforcement agency with fewer than five employees from eligibility for overtime pay. 29 U.S.C. § 213(b)(20).

## II. Summary Judgment

### A. Standard of Review

[7] Our standard of review for a trial court's grant of a motion for summary judgment is well-settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Peoples State Bank v. Benton Twp. of Monroe Cnty.*, 28 N.E.3d 317, 321 (Ind. Ct. App. 2015); Ind. Trial Rule 56(C). All factual inferences are construed in favor of the nonmovant. *Peoples State Bank*, 28 N.E.3d at 321. "On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with a presumption of validity." *Van Kirk v. Miller*, 869 N.E.2d 534, 540 (Ind. Ct. App. 2007), *trans. denied.* The party appealing from the summary judgment order has the burden of persuading us the decision is erroneous. *Id*.

In addition, the interpretation of a statute is a question of law, which we review de novo. *Peoples State Bank*, 28 N.E.3d at 322. If a statute is unambiguous, it will not be subject to interpretation. *Id.* Rather, the words and phrases will be read in the plain, ordinary, and usual sense. *Id.* at 322-23.

## B. Is Worthington a Minimum Wage Law "Employer"?

This is a case of first impression in Indiana. If a statute has not been construed previously, then we look to the express language of the the statute and the rules of statutory construction. *Dep't of Fin. Insts. v. Massey*, 20 N.E.3d 853, 856 (Ind. Ct. App. 2014). The purpose of statutory construction is to implement the legislature's intent. *Id.*

### 1. Arguments of the Parties

Richardson argues that Worthington is an employer under the MWL's definition, and thus that Worthington must pay him overtime compensation. The linchpin of Richardson's argument is that the reference in the MWL's definition of "employer" to the "minimum wage provisions of the [FLSA]" is a reference to both the minimum wage provisions and the maximum hours provisions of the FLSA. Richardson contends that the FLSA's maximum hours provisions are also "minimum wage provisions" because they set a minimum wage for overtime compensation. According to Richardson, the MWL's drafters used the plural word "provisions" to indicate that an employer must be subject to *both* the FLSA's minimum wage and maximum hours provisions in order to be exempt from the MWL. Richardson finds further

support for his reading of the MWL in the fact that at the end of the definition of "employer" is a citation to sections 201 through 209 of the FLSA, which encompasses both the minimum wage and maximum hours sections of that statute. Richardson reasons that, because Worthington is exempt from the FLSA's maximum hours requirements—having employed fewer than five people in its police department—it is not subject to the FLSA and is therefore an "employer" for purposes of the MWL.

[11] Worthington counters that, because it is bound by the FLSA's minimum wage provisions, it is exempt from the MWL notwithstanding its exemption from the maximum hours provisions. Worthington argues that reading the MWL's reference to "minimum wage provisions" in the FLSA to also include its maximum hours provisions "is to twist the plain language of those sections beyond recognition." Brief of Appellee at 5. Worthington directs us to *Vezina v. Jewish Cmty. Ctr. of Metro. Detroit*, No. 93-CV-74163, 1994 WL 762214 (E.D. Mich. Sept. 23, 1994), in support of its reading of the statutes at issue. Vezina brought suit for overtime wages purportedly due to her under the FLSA and the Michigan Minimum Wage Law. The Jewish Community Center ("JCC"), moved for summary judgment, claiming that it was exempt from paying Vezina overtime based on an FLSA exemption for executive employees. It also claimed that the Michigan law did not apply because, like the MWL, it excluded "any employer who is subject to the minimum wage provisions of the [FLSA]." *Id*. at *10 (quoting Mich. Comp. Laws § 408.394). The district court found that Vezina was an executive for purposes of the FLSA exemption. The

district court concluded that, because the JCC was an employer subject to the FLSA, the Michigan statute was not applicable. *Id.* However, unlike the parties in this case, Vezina did not dispute the fact that the JCC was subject to the minimum wage provisions of the FLSA. Therefore, *Vezina* is not helpful for our analysis.

### 2. The FLSA's Minimum Wage and Maximum Hours Provisions

[12] Since the MWL references the "minimum wage provisions" of the FLSA, our analysis necessarily must begin with an examination of how those words are used in the FLSA itself. We begin by noting that the phrase "minimum wage provisions" does not appear in the FLSA. However, the phrase "minimum wage" does appear, most notably as the title of section 206, which sets forth the minimum wage for different types of workers. The next section, 207, is titled "Maximum hours" and sets forth the hours for the standard workweek as well as the requirements for overtime compensation. Section 207 mandates payment at one and one-half the "regular rate" for overtime. References in section 207 to the minimum wage provisions of section 206 involve employees for whom the minimum wage is the "regular rate" for purposes of overtime compensation. *See* 29 U.S.C. § 207(b)(3), (f), (i).

[13] Notably for the case at hand, the exemption section of the FLSA has two subsections. 29 U.S.C. § 213(a)-(b). Subsection "(a) Minimum wage and maximum hour requirements" lists types of employees who are exempt from both the minimum wage and maximum hours provisions of the FLSA. Subsection "(b) Maximum hours requirements," provides that

[t]he provisions of section 207 of this title shall not apply with respect to—

***

(20) any employee of a public agency who in any workweek is . . . employed in law enforcement activities (including security personnel in correctional institutions), if the public agency employs during the workweek less than 5 employees in . . . law enforcement activities . . . .

Thus, the phrases "minimum wage" and "maximum hours" have very specific uses in the FLSA. A reference to the "minimum wage" is to the content of section 206. Any reference to "maximum hours" is to the content of section 207. Neither Richardson nor Worthington argues that the MWL is ambiguous, and we agree. When the MWL refers to the "minimum wage provisions" of the FLSA, it means the content of FLSA section 206, entitled "Minimum wage."

[14] Contrary to Richardson's argument, the MWL's use of the plural "provisions" in conjunction with its citation to FLSA sections 201 to 209 does not dictate another result. "Provisions" is not defined in the MWL. In such a case, we give the word its ordinary meaning, which may be supplied by an English language dictionary. *Fort Wayne Patrolman's Benevolent Ass'n, Inc.*, *v. City of Fort Wayne*, 903 N.E.2d 493, 497 (Ind. Ct. App. 2009), *trans. denied*. A provision may be defined as "[a] clause in a statute, contract or other legal instrument." Black's Law Dictionary 1420 (10th ed. 2014). There are many provisions in the minimum wage section of the FLSA, including provisions pertaining to workers in United States territories, seamen, and agricultural workers, 29 U.S.C. §

206(a); workers brought under the FLSA by other laws, (b); those providing contract services to the United States government, (e); those in domestic service, (f); and workers who are less than twenty years of age, (g), among others. Thus, the use of the plural "provisions" does not necessitate that the drafters of the MWL were referring to additional sections of the FLSA at all, let alone specifically section 207 and its overtime compensation requirements. Furthermore, the MWL's citation to "29 U.S.C. 201-209," which encompasses both the minimum wage and maximum hours sections, does not support Richardson's argument. Ind. Code § 22-2-2-3. That citation includes other sections that are not related to the minimum wage, such as section 201, "Short Title"; section 204, "Administration"; and section 209, "Attendance of Witnesses," as well as sections 205 and 208, which were repealed in 2007. Therefore, the inclusion of section 207 in the citation does not transform it into one of the "minimum wage provisions" referenced by the MWL.

[15] The FLSA's law enforcement exemption was added in 1974. *See* Pub. L. 93-259, 88 Stat. 55, Sec. 6 (1974). The General Assembly has modified the MWL's definition of "Employer" multiple times since 1974, but it has never modified its definition to state explicitly that employers must be subject to both the minimum wage and maximum hours sections of the FLSA to be excluded from the MWL. *See* P.L. 99-1989, Sec. 30 (1989); P.L. 3-1989, Sec. 131 (1989); P.L. 133-1990, Sec. 1 (1990); P.L. 8-1993, Sec. 270 (1993). Richardson offers policy arguments as to why we should accept his reading of the MWL. However, we are bound by the intent of the legislature as manifested by the

unambiguous language of the MWL. *Peoples State Bank*, 28 N.E.3d at 322 ("An unambiguous statute will not be subject to interpretation . . . .").

[16] Under FLSA section 203(d), an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and *includes a public agency*. . . ." (Emphasis added.) A political subdivision of the State is a "public agency" for purposes of the FLSA. 29 U.S.C. § 203(x). According to FLSA section 206(a), an enterprise engaged in commerce must pay its employees the minimum wage. The activity of a public agency is an enterprise engaged in commerce. 29 U.S.C. § 203(s)(1)(C). Worthington is subject to the FLSA's minimum wage provisions. Therefore, it is exempt from the MWL and its overtime pay requirements. Ind. Code § 22-2-2-3.

# Conclusion

[17] The FLSA's maximum hours provisions are distinct from its minimum wage provisions. MWL's reference to the "minimum wage provisions" of the FLSA is to FLSA section 206, not sections 206 and 207. Worthington is an employer subject to the minimum wage provisions but not the maximum hours provisions of the FLSA. The MWL, therefore, excludes Worthington from its purview. The trial court's grant of summary judgment is affirmed.

[18] Affirmed.

Vaidik, C.J., and Pyle, J., concur.